120 So.2d 379

**Ida Cook WILSON et al.**

v.

**CITY BANK FARMERS TRUST COMPANY et al.**

**7 Div. 432.**

Supreme Court of Alabama.

Jan. 14, 1960.

Rehearing Denied May 19, 1960.

Wyman C. Lowe, Atlanta, Ga., and Locke & Locke, Birmingham, for appellants.

Steiner, Crum & Baker, Montgomery, and Knox, Jones, Woolf & Merrill, Anniston, for appellees.

GOODWYN, Justice.

This is an appeal by the respondents from a final decree of the circuit court of Cleburne County, in equity, rendered in an in rem proceeding brought by appellees pursuant to Code 1940, Tit. 7, § 1116 et seq., to clear up all doubts or disputes concerning the title to certain lands located in Cleburne and Randolph Counties.

The case was originally argued and submitted here on May 26, 1959, on appellees" motion to strike the transcript because not in compliance with Supreme Court Rules 21 and 24, 261 Ala. XIX and to strike the assignments of error as last amended because not in compliance with Supreme Court Rule 1, and also on the merits. During the oral argument counsel for appellants was asked by the court whether consideration had been given to withholding submission of the case and petitioning for certiorari in order to have the record completed in conformity with the rules. No request in that respect was then made. Accordingly, the case was submitted on appellees' motion and on the merits.

On June 3, 1959, appellants filed a motion to set aside the submission and for issuance thereafter of a writ of certiorari to the register for completion of the record. On July 9, 1959, after a hearing, we granted the motion. Due to the apparent defects

in the record, the assignments of error and appellants' briefs, there was included in the order the following provision:

"The timely filing of the transcript of the record in response to the Writ of Certiorari shall be treated as though it were an original filing on appeal. And all proceedings under this order, including the preparation of the transcript of the record, the making and serving of assignments of error, and the preparation, filing and service of briefs shall be in strict accord with the rules of practice of this Court."

The obvious purpose of this provision was to require a completely fresh start without reference to anything that had already been done in connection with the appeal. As will later appear, this part of the order has not been complied with in material respects.

We might state that the court's action in setting aside the submission and granting certiorari was due in part to the fact that appellants' principal counsel was not a member of the Alabama Bar and his Alabama associate did not come into the case until about the time of submission.

Included in the refiled transcript are all of the assignments of error originally bound with the transcript and those filed but not so bound. These assignments consume 38 pages of the record. They consist of 17 original assignments numbered 1 through 17 on 16 pages, an amendment of the assignments written on 12 pages of the record consisting of assignments numbered 1 through 5 amending original assignments numbered 5, 7, 8, 14 and 17 and adding additional assignments numbered 18 and 19, and a second addition to the assignments of error set forth on 10 pages of the record consisting of 7 assignments numbered 1 through 7. All of the foregoing assignments were in connection with the original record and briefs, some being bound with the original record and others not being bound.

Included in the present record, in addition to the old assignments, are new assignments numbered 1 through 23 written on 3 pages of the record. These probably are the assignments of error relied on by appellants in resubmitting the case. However, they are not touched on in appellants' brief filed on resubmission.

Appellees have filed a motion to strike the refiled transcript and also a motion for affirmance of the case. Since we are clearly of the opinion that the motion for affirmance is well-taken, we will put to one side consideration of the motion to strike. Nor do we find it necessary to discuss all of the grounds of the motion for affirmance. Our conclusion is that there is no alternative but to enter an order of affirmance for the reason that none of the assignments of error is argued in brief. This is not to say that other grounds of appellees' motion are not well-taken.

Appellants' entire argument is as follows:

"The statements in the 'Statement of the Case' and the statements in the 'Statement of the Facts' herein other than the recital of testimony, 'Propositions of Law' and the sections in Appellants' previously filed Briefs entitled 'Argument' are adopted as their 'Argument' in this Brief."

Nowhere in appellants' brief filed on resubmission is there any mention or discussion of any of the assignments of error. There just simply is no argument at all. As said in Boles v. Bonner, 267 Ala. 342, 343, 101 So.2d 544:

"There are seven assignments of error. No reference is made to any assignment of error in appellant's brief. We have held this to be insufficient to justify our consideration of the assignments of error. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302."

**510**

It should be here noted that the assignments made in connection with the first submission do not correspond to the assignments made on the present submission.

It has never been the desire or inclination of this court to dismiss an appeal or order an affirmance because of non-jurisdictional procedural defects. We have been most liberal in considering cases on their merits when there is an absence of strict compliance with the rules. In this case we have striven mightily to understand what it is all about. However, we simply are unable to determine what particular points are being relied on.

In setting aside the original submission and granting certiorari, it was not unreasonable to expect counsel to comply with the order granting the certiorari and with the applicable rules. Having failed to do so, we have no alternative but to grant appellees' motion to affirm the decree appealed from. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.