(87 South. 97)

## SCHNEIDER v. SOUTHERN COTTON OIL CO.   (6 Div. 13.)

(Supreme Court of Alabama.   Oct. 28, 1920.)

**1. Appeal and error 🔑1079—Court cannot be put in search of error not specifically assigned and argued.**

Brief, which makes some general propositions, but makes no specific application to the rulings assigned as error, is insufficient, as Supreme Court cannot be put in search of error not specifically assigned and argued in brief.

**2. Nuisance 🔑50(1)—Damages as for permanent injury from mill not recoverable, where injury results from operations only.**

Damages as for permanent injury to realty alleged to have been caused by the maintenance and operation of a cotton oil mill are not recoverable, where the injury results, not as an effect of the permanent structure, but from the operations carried on therein, which are capable of modification or abandonment.

**3. Nuisance 🔑48—Evidence as to damages properly limited in time as limited by complaint.**

In an action for damages to plaintiff's home from the operation of defendant's cotton oil mill, evidence as to damages was properly limited to the 12 months next before commencement of suit; the damages claimed being so limited by the complaint.

**4. Nuisance 🔑48—Evidence proving annoyances to plaintiff not alleged properly. excluded.**

In an action for damages to plaintiff's home from the operations of defendant's cotton oil mill, the complaint making no claim for damages on account of the halloaing and cursing of defendant's servants, evidence to prove such annoyances to plaintiff was properly excluded.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by Fred Schneider against the Southern Cotton Oil Company. From judgment for defendant, plaintiff appeals. Affirmed.

The facts common to and stated in all the counts are that the plaintiff owned and for 15 years had occupied with his family a house and lot in Cullman, Ala.; that at the time of erection of said oil mill, so situated in close proximity to said property of plaintiff, said residence of plaintiff was erected and used by him as a home, and that defendant has had notice of the damage and injury sustained by plaintiff incident to its business, and that as a proximate consequence of maintaining and operating said oil mill the value of plaintiff's residence property has been greatly depreciated, and he and his family have been annoyed and have suffered much mental and physical pain and injury.

The first count is based on the noise and noises of such volume and character as to materially distress or discomfort the plaintiff and the members of his family in the enjoyment and use of plaintiff's said property and home. The second count is based on the negligence of the servant or agents of the defendant in making said unreasonable, intolerable, harsh, loud, unnecessary, and discomforting noises in and about the running and operation of the mill. The third count is that the defendant has negligently or wrongfully caused offensive and obnoxious odors and smells, noise, smoke, dust, cotton lint, and soot to interfere as aforesaid with the comfort and enjoyment of plaintiff's home. The fourth count is that the plaintiff negligently removed or left off the wire screen or covering over a large pipe from said cotton oil mill, through which is blown out dust, etc., in the direction of plaintiff's dwelling. The fifth count declares for the same negligence as in the second, but with the added averment that plaintiff has notified defendant about such noises, etc., but, notwithstanding the notice defendant has wantonly or willfully failed or refused to stop the creation of the same. The sixth count declares for the same defense as the fourth, with the added averment of notice to defendant and the defendant willfully or wantonly failing or refusing to stop the creation of same.

Count 8 is a willful count, based on the same negligence as alleged in counts 2 and 5. Amended count 9 alleges the negligent leaving off of the wire screen or covering to the pipe; that the defendant has had notice of this, and has willfully or wantonly failed to replace the screen or covering, and thereby willfully or wantonly permitting the escape of the dust, etc., onto plaintiff's residence and property.

After much pleading the case was finally submitted to the jury on counts 1, 2, and 4, each of which were amended by adding that the distance from the mill to plaintiff's residence was 85 yards; also by striking out the word "negligently" where it occurred, and inserting therefor "wrongfully"; also by adding the words "acting within the line of their employment," following the words "servants and employees."

The defendant interposed the plea of the general issue and the following numbered plea 8:

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plea 8, as amended: "The defendant, for further answer to the complaint and each count thereof, separately and severally, says that the defendant commenced the use and operation of its said oil mill more than ten years from the time that plaintiff commenced his action, and that said oil mill has been run and operated in the same way and manner for said time continuously, and that during said time there has been no change or difference in the volume and character of noise, dust, lint, and obnoxious gases, and the defendant avers the plaintiff for said time has had knowledge of the said operation of said mill as aforesaid and acquiesced in same."

William E. James, of Cullman, for appellant.

The first and second counts sufficiently state the cause of action. 29 Cyc. 1271; 86 Ala. 515, 6 South. 47; section 5198, Code 1907. Count 3 was good. 175 Ala. 148, 57 South. 453. The counts for wanton negligence were sufficient. 185 Ala. 641, 64 South. 547. The nuisance here complained of was a private nuisance. 36 Ala. 381; 161 Ala. 389, 49 South. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750; 72 Ala. 277, 47 Am. Rep. 412; 123 Ala. 298, 26 South. 294; 202 Ala. 82, 79 South. 476, L. R. A. 1918F, 1020.

In a case of this kind the damages include damages to health as well as injury to property. 169 Ala. 623, 53 South. 996; 175 Ala. 148, 57 South. 453; 3 Ala. App. 385, 58 South. 86. The court erred in not permitting evidence of the loud cursing and hollering. 135 Ala. 498, 33 South. 544.

A. A. Griffith, of Cullman, for appellee.

Counsel for appellant has openly disregarded the rule requiring proper insistence on errors, and has therefore waived and abandoned them. 160 Ala. 636, 49 South. 343; 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; 7 Ala. App. 314, 61 South. 484. The court was not in error in its action on the pleading. 175 Ala. 4, 57 South. 857; 162 Ala. 665, 50 South. 300. The court properly instructed the jury as to the recovery of damages. 202 Ala. 3, 79 South. 299; 161 Ala. 278, 49 South. 851.

SAYRE, J. [1] Appellant, plaintiff in the trial court, stated his cause of action in ten counts. Appellee demurred to each count severally and separately, assigning 64 grounds of demurrer. To the amended counts there were demurrers assigning as many and more grounds. If any ground was well taken against the counts, the ruling in each case was correct. The brief for appellant states some general propositions, making no specific application to the rulings assigned for error. We have not found that the rulings in the trial court, giving shape to the complaint finally submitted to the jury, prejudiced any right of plaintiff, or offended against any law stated in the brief. Likewise in respect to the rulings on the sufficiency of the pleas; and, in any case, this court cannot be put in search of error not specifically assigned and argued in brief. Ala. S. & W. Co. v. Sells, 168 Ala. 547, 52 South. 921. The ruling here, therefore, is that no error has been shown in the matter of the pleadings in this cause.

[2] This case in every essential respect was like unto the case shown in Crawford v. Union Cotton Oil Co., 202 Ala. 3, 79 South. 299, in which it was held by this court that damages as for permanent injury to realty, alleged to have been caused by the maintenance and operation of a cotton oil mill, were not recoverable, where the injury results, not as an effect of the permanent structure, but from the operations carried on therein, which are capable of modification or abandonment. The trial court instructed the jury according to the rule of that case, and this court is not now disposed to hold differently.

[3] Evidence as to damages suffered was properly limited to the 12 months next before the commencement of the suit. Damages claimed were so limited by the complaint.

[4] The court is of opinion that the complaint makes no claim for damages on account of the holloing or cursing of defendant's servants, and for that reason, if no other, evidence to prove such annoyances to plaintiff was properly excluded.

Our best judgment is that the brief for appellant points out no reversible error, and that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.