(116 So. 317)

**ROBERSON v. STATE.   (8 Div. 634.)**

Court of Appeals of Alabama.   April 3, 1928.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. This prosecution was begun by affidavit of one A. M. Murray, father of Wayne Murray, the alleged injured person, and charged the defendant with assault and battery with a stick.

The defendant, Floyd Roberson, was the teacher at Bruton school, and Wayne Murray aged 12, was a pupil.

It is here insisted, for the first time, that there was no evidence to prove that the defendant's name was Floyd Roberson; the insistence being that during the trial he was referred to as Prof. Roberson, and F. A. Roberson only, etc. This insistence is not borne out by the record, as the record shows, when defendant was introduced as a witness: "Mr Floyd Roberson, defendant, being called and sworn as a witness testified as follows." Moreover, this question was not raised in the lower court, and cannot be presented for the first time upon appeal. There is no merit in the contention here made.

We will not undertake to enlarge upon the rule of law relative to the right of a schoolmaster to administer punishment upon a pupil for misconduct. The rule has been many times stated. By law, as well as immemorial usage, a schoolmaster is regarded as standing in loco parentis, and, like the parent, has the authority to moderately chastise pupils under his care. One standing in loco parentis—exercising the parent's delegated authority—may administer reasonable chastisement to a child, or pupil, to the same extent as the parent. The parent is not criminally liable, in all cases, merely because, in the opinion of the jury (or court), the punishment inflicted is immoderate or excessive. More than this is requisite to fasten upon him the guilt of criminality. He must not only inflict on the child immoderate chastisement, but he must do so with legal malice or wicked motives; or else, he must inflict some permanent injury. If there be no permanent injury inflicted, or no legal malice can be inferred, no conviction can follow. Dean v. State, 89 Ala. 46, 8 So. 38.

By the undisputed evidence in this case, voluminous though it be, it was shown that the alleged injured party was repeatedly guilty of misconduct in school. There is no evidence showing or tending to show, nor from which it could be inferred, that the defendant, the schoolmaster, in inflicting the punishment complained of, did so with malice. Neither is there any competent evidence that permanent injury was inflicted. The contrary clearly appears from the undisputed evidence in this case. These things being clearly shown and without conflict, the judgment of conviction, under the law above stated, cannot stand. Moreover, the trial of this case was replete with error in the court's rulings upon the admission and rejection of the evidence. Under the evidence, as a whole, the defendant was entitled to an acquittal. The judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.