30 So.2d 578

**COFFEE COUNTY v. PARRISH.**

4 Div. 440.

Supreme Court of Alabama.

May 22, 1947.

See also 248 Ala. 103, 26 So.2d 267.

J. C. Fleming, of Elba, for appellant.

C. B. Fuller, of Andalusia, and J. A. Carnley, of Elba, for appellee.

BROWN, Justice.

This as an action by the administrator of Mary Lula Parrish, deceased, against the County of Coffee for negligently causing her death through the failure to keep in a reasonable safe condition for public travel a bridge across Pea River in said county near Kingston as required by § 57, Title 23, Code of 1940.

The duty alleged to have been breached is imposed by said section of the code and when death proximately results from negligence or wrongful act of defendant, § 123, Title 7, Code of 1940 (the homicide act) furnishes the vehicle for the recovery of punitive damages to carry into effect the purpose of that act. Shannon v. Jefferson County, 125 Ala. 384, 27 So. 977; Hovater v. Franklin County, 217 Ala. 439, 116 So. 526; Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13.

On the first trial the court directed a verdict for the defendant by giving the affirmative charge with hypothesis. On the appeal following the judgment of the circuit court was reversed. Parrish v. Coffee County, 248 Ala. 103, 26 So.2d 267, 269.

It is conceded by the appellant in brief that the evidence on the second trial is substantially the same as on the first. The appellant has made eight assignments of error on the record but does not discuss the same or refer to them in brief. Appellant discusses the facts generally and states one or more hypothetical cases not supported by the evidence in this case. But inferentially as we take it insists that the court erred in not giving the affirmative charge for defendant. This does not comply with Rule 10 of Supreme Court Practice, Code of 1940, Title 7, p. 1008. It has been repeatedly held that such treatment of the assignments of error constitutes a waiver. Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775; Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749; Hamilton v. Cofield, 220 Ala. 44, 124 So. 91.

We have carefully examined the evidence in the case and we are of opinion that under the holding on the former appeal a case for jury decision is presented.

We find no error in the record.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON and STAKELY, JJ., concur.