36 So.2d 257

### COFFEE COUNTY v. HATAWAY et al.

### 4 Div. 52.

Court of Appeals of Alabama.

June 29, 1948.

J. C. Fleming, of Elba, for appellant.

J. A. Carnley, of Elba, and C. B. Fuller, of Andalusia, for appellees.

BRICKEN, Presiding Judge.

As above indicated two cases are involved in this appeal. As to this the following agreement was made and entered into by both parties. To wit:

"Agreement Between Counsel for Plaintiff and Counsel for Defendant

| Mrs. Minnie Hataway | No. 217 |
| vs. | In The Circuit Court of Coffee County, Alabama, Elba Division. |
| Coffee County, Alabama, A Municipal Corporation | |

| James B. Hataway | No. 218 |
| vs. | In The Circuit Court of Coffee County, Alabama, Elba Division. |
| Coffee County, Alabama, A Municipal Corporation. | |

On the trial of the above styled causes it was agreed by the parties to both of said cases that since the same questions of fact and questions of law are involved that both cases were tried together and that separate judgments were entered in each case.

It is further agreed that since both cases were originally tried together that only one record be made on appeal for the Court of Appeals of Alabama, which record shall contain this agreement. The pleadings in both cases and the evidence upon which the cases were tried, together with the final decrees in each case, and the evidence be copied into the transcript only once.

It is further agreed that errors may be assigned upon the record separately by the appellant and that both cases be submitted and considered by the Court of Appeals of Alabama upon the one record and separate judgments be rendered by the Court of Appeals of Alabama in the two cases on the one record. Such record shall also contain the appeal bond in both cases and the transcript shall contain a certificate by the Clerk that the same is a true

34

.and correct copy and transcript of all the papers, evidence, proceedings and records in both cases, and only one showing as to the organization of the Court.

This the 20th day of February, 1948.

C. B. Fuller and
J. A. Carnley
Attys. for Plaintiffs.
J. C. Fleming
Atty. for Defendant.

Filed in office this 21st day of February, 1948.

Gladys Clark, Clerk."

The cases were tried together, and separate verdicts and judgments were rendered in favor of plaintiffs. That for Mrs. Minnie Hataway, was for $900.00; and for James B. Hataway $600.00. In all this the proceedings were regular and without error.

The gist of this action on the part of both plaintiffs was that on June 18, 1943, in crossing a bridge across Pea River in Coffee County, Alabama, that the bridge was defective and as a result of said defective bridge the mules broke through the bridge and the driver lost control of the team and the wagon with its several occupants was backed off of the bridge with the result that both of these plaintiffs were injured.

Counsel for respective parties have directed our attention to the case of Coffee County v. Parrish, 249 Ala. 226, 30 So.2d 578, recently decided by our Supreme Court, and counsel agree that the law of these cases was settled and determined in the Parrish case, supra, wherein the liability of Coffee County was ascertained and declared. It affirmatively appears that the two present cases grew out of the same accident involved in the Parrish case, supra.

The assignment of errors are the same in each of these cases, and is based upon the action of the court in refusing to defendant the following written charge requested in each case:

"The Court charges the jury that if the accident occurred by one of the mules breaking a plank in the floor of the bridge, which was defective and if said defective plank was unknown to defendant, after reasonable inspection of said bridge within a reasonable time before said accident, and had no actual notice of said defect, then you should find for the defendant."

This, as stated, is the only insistence of error presented for consideration. There was no error in this action of the court in this connection as it affirmatively appears, in the first place, the charge was abstract, there being no evidence in the case upon which to base such a charge; and, further, the said charge was fairly and substantially covered by the excellent oral charge of the court, to which no exception was reserved.

The two judgments, supra, are each affirmed.

Affirmed, in each case.