71 So.2d 49

**SUITS v. GLOVER.**

8 Div. 711.

Supreme Court of Alabama.

March 11, 1954.

J. W. Sherrill, Jr., Decatur, for appellant.

Peach, Caddell & Shanks, Decatur, for appellee.

SIMPSON, Justice.

Tort action by appellant, a schoolboy suing by his father as next friend, against appellee, a former schoolteacher, claiming damages in three counts of the complaint for assault and battery. A jury trial was had resulting in a verdict in favor of appellee. The appellant's motion for new trial, the grounds of which were that the verdict was contrary to the law and was not sustained by the preponderance of the evidence, was overruled and he now appeals to this court.

The failure of an appellant to insist upon errors assigned on the record

constitutes a waiver thereof and precludes any consideration by this court. Supreme Court Rule 10, Code 1940, Title 7 Appendix; Coffee County v. Parrish, 249 Ala. 226, 30 So.2d 578; Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.

■ And the brief is insufficient which makes some general propositions but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97.

■ Also, the ground of the motion resting on the challenge that the verdict was contrary to law cannot be considered because the claimed error was not specifically pointed out; a general assignment to that end will not suffice. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

Consonant with these established rules of procedure, it must be held that the only assignment of error which might be said to be sufficiently argued and can thereby invite a review by this court is that one challenging the action of the trial court in refusing to grant the appellant's motion for a new trial on the weight of the evidence. Cobb v. Malone, supra.

There was no conflict but that certain punishment was administered to the appellant, a school pupil, by the appellee, a schoolmaster. The evidence was, however, conflicting as to the type of instrument used to administer the punishment; the appellant's evidence tending to show that he was whipped with a slat from an apple crate and the appellee's evidence tending to show that the instrument used was a ping-pong paddle, commonly used by the school for administering such punishment. There was evidence that the appellee was responsible for maintaining order and discipline and to administer corporal punishment as was deemed necessary as punishment for infractions of the school rules. Further, there was evidence of an infraction of the school rules by the appellant, the nature of which was insubordination and scuffling in the school hall. The appellant's medical expert testified that in his opinion there was no permanent injury and the evidence showed that the appellant remained in school the remainder of the school day the incident occurred (February 22nd) and did not miss any time from school, at least until March 9th, except the day following the incident (February 23rd). The evidence further showed that the appellant was eight and a half years old, well developed, fat and in good health; and there was evidence warranting the inference that the appellee was in no wise angry or aggravated with the appellant when he administered the spanking. The evidence was also conflicting on the issue of the severity of the punishment, the appellee's evidence tending to show that the appellant was paddled on his buttocks only, the skin was not broken, and approximately only five licks were administered.

■ A schoolmaster is regarded as standing in *loco parentis* and has the authority to administer moderate correction to pupils under his care. To be guilty of an assault and battery, the teacher must not only inflict on the child immoderate chastisement, but he must do so with legal malice or wicked motives or he must inflict some permanent injury. In determining the reasonableness of the punishment or the extent of malice, proper matters for consideration are the instrument used and the nature of the offense committed by the child, the age and physical condition of the child, and the other attendant circumstances. Boyd v. State, 88 Ala. 169, 7 So. 268; Roberson v. State, 22 Ala. App. 413, 116 So. 317; Nicholas v. State, 32 Ala.App. 574, 28 So.2d 422.

■ It appears from the foregoing there was evidence which, if believed by the jury, justified the verdict and we conclude that the trial court committed no error in overruling the motion for new trial. Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.