84 So.2d 122

**DORSEY TRAILERS, Inc.**

v.

**William B. SUTLEY.**

4 Div. 827.

Supreme Court of Alabama.

Dec. 22, 1955.

J. C. Fleming, Elba, for appellant.

C. L. Rowe, Elba, for appellee.

MERRILL, Justice.

This is an appeal from a judgment of the Circuit Court of Coffee County awarding appellee, plaintiff below, $4,000 for damages claimed for alleged paint or lead poisoning, resulting from spraying trailers in an enclosure not properly ventilated. This is a companion case to Dorsey Trailers v. Foreman, 260 Ala. 141, 69 So.2d 459 and the issues and evidence in both cases are substantially the same.

Appellant, both in brief and oral argument, relies principally upon assignment of error No. 6. This assignment relates to an additional oral charge given by the Court to the jury after they had deliberated for several hours and had failed to arrive at a verdict. The jury returned to the court room for additional instructions and the parties and counsel being present, the following transpired:

"Juror Boswell: Well, I think, Judge, what they are trying to get at: Some of them wanted to agree that we couldn't use Dr. Crook's statement in here because they thought it happened before that date we are getting at there, when Dr. Crook examined him, and then he comes up with the date from there on, farther on. I believe that was it.

"The Court: I believe, gentlemen, in view of that disclosure it would probably be fair to say to you this in that light: That you would consider,—certainly could consider Dr. Crook's testimony, and any disclosure given by him of injury prior to one year before the filing of this suit would be barred; but that would certainly not mean that any injury he testified about, if he did testify about any injury, and I have no idea about that, would not be barred, and you would consider it. Is that a fair statement gentlemen?"

■ It is obvious that the question in the last sentence by the Court was directed to the attorneys rather than to the jury, because the attorney for the plaintiff answered "yes, sir" and the attorney for the defendant remained silent. The appellant contends that the statement by the court in answer to that made by juror Boswell is "absolutely in conflict with the original charge" and contains "two direct statements which are in conflict" and that it was "calculated to mislead the jury". With these contentions, we cannot agree.

On the trial, Dr. Crook, a witness for the appellee, testified that he had examined and treated the appellee on October 17, 1948. This date is more than one year prior to the date of the filing of the complaint on October 29, 1949. In addition, Dr. Crook also testified that he had examined the appellee in October 1949, June 1950 and January 1954. In the original charge to the jury, the court explained at length that any injury sustained by the appellee prior to one year before October 29, 1949, would be barred by the statute of limitations, which had been pleaded as a defense by the appellant. The court also gave the following written charges at the request of the defendant:

"4. I charge you gentlemen of the jury, that the plaintiff cannot recover for any damage or injury to him at any time other (than) the period between October 29, 1948 and October 29, 1949.

"5. I charge you, gentlemen of the jury, that you cannot award any damages to the plaintiff for or on account of any injury or damage done to him prior to October 29, 1948.

"6. I charge, you gentlemen of the jury, that all injury and damage done to the Plaintiff prior to October 29, 1948, is barred by the Statute of Limitation of one year—and for such injuries and damage the plaintiff cannot recover against the defendant.

"7. The court charges that jury that you cannot award the plaintiff any damages for injury which he had sustained on October 17, 1948".

We find nothing conflicting or misleading in the additional oral charge given by the court when the jury returned for additional instructions. It was simply a statement to the effect that Dr. Crook's testimony could and should be considered but that his testimony relating to any injury or damage occurring more than one year prior to the date of filing of suit, was barred by the statute of limitations.

■ Moreover, even if it should be concluded that the complained of statement was erroneous, there was no objection interposed to it at the time it was made, although the trial court invited objection or suggestion with the question "is that a fair statement gentlemen?"

In the case of Lusk v. Wade, 259 Ala. 555, 67 So.2d 805, we said:

"The oral charge, although made a part of the record by statute, will not be reviewed unless an exception was duly reserved. Title 7, § 827(1), Code 1940, Vol. 2, Pocket Part; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Carithers v. Commercial Credit Corp., 33 Ala.App. 472, 34 So.2d 505; Anderson v. State, 209 Ala. 36, 95 So. 171. No exception having been reserved to the oral charge, nothing is presented for review".

No reversible error appears in the record and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.