101 So.2d 544

### J. D. BOLES

v.

### T. E. BONNER et al. D/B/A Tom Bonner Realty Company, et al.

6 Div. 151.

Supreme Court of Alabama.

March 20, 1958.

Geo. E. Trawick, Birmingham, for appellant.

Graham, Bibb, Wingo & Foster, Birmingham, for appellee.

MERRILL, Justice.

Appellant sued appellee and others on an account and for money had and received. At the conclusion of the testimony the court orally charged the jury, and gave written requested affirmative charges for the appellee, with and without hypothesis.

 Appellant filed a motion for a new trial, which, after being duly set for hearing, was not acted upon within sixty days as required by Tit. 13, § 119 (the trial judge did not reside in Jefferson County). The motion thus became discontinued and the matters contained in the motion and the action of the court thereon are not before us on appeal. Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231; Kelley v. Chavis, 225 Ala. 218, 142 So. 423; 15 Ala.Dig. New Trial ⬥155.

There are seven assignments of error. No reference is made to any assignment of error in appellant's brief. We have held this to be insufficient to justify our consideration of the assignments of error. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302.

The argument in brief is in two sections. The first section lists "Propositions 1 through 5." Even if we concede that "Propositions" mean "Assignments of Error," which we do not, they are argued in bulk and, if not related, and any one assignment is not well taken, no reversible error appears. Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So. 2d 305. At least one "proposition," if considered an assignment of error, is without merit.

The second section of the argument lists "propositions 6 and 7." These are concerned with oral instructions of the trial court to the jury. No objection was interposed nor exception taken. The oral charge, although made a part of the record by statute, will not be reviewed unless an exception is reserved, and no exception having been reserved, nothing is presented for review. Dorsey Trailers v. Sutley, 263 Ala. 693, 84 So.2d 122; Lusk v. Wade, 259 Ala. 555, 67 So.2d 805; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499.

It follows that the judgment of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.