155 So.2d 600

**W. N. REYNOLDS**

v.

**David HENSON.**

I Div. 103.

Supreme Court of Alabama.

Aug. 1, 1963.

Wallace P. Pruitt and Granade & Granade, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

LIVINGSTON, Chief Justice.

This is a statutory action in the nature of ejectment. There was a judgment for plaintiff, and defendant appeals.

The controversy is over the SW¼ of the SE¼ of Section 17, Township 8 North, Range 1 West, in Washington County, Alabama.

This is the second appeal in this case. See Reynolds v. Henson, 268 Ala. 239, 105 So.2d 679.

Rule 9 of the Revised Rules of the Supreme Court of Alabama, effective June 1, 1955, 261 Ala. XIX, reads:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript; (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; (c) under the heading 'Propositions of Law,' a concise statement, without argument, of each rule or proposition of law relied upon to sustain the errors assigned, together with the authorities relied upon in support of each, and in citing cases, the names of parties must be given, with the book and page where reported; (d) argument with respect to errors assigned which counsel desire to insist upon. Assignments of error not substantially argued in brief will be deemed waived and will not be considered by the court. The statements made by appellant under the headings 'Statement of the Case' and 'Statement of the Facts' will be taken to be accurate and sufficient for decision, unless the opposite party in his

brief shall make the necessary corrections or additions."

Appellant's brief commences with a "Statement of Facts," next, what appellant terms "Brief and Argument," and the brief terminates with what is termed a "Conclusion," all in narrative form.

Appellant's brief is totally lacking in compliance with Rule 9 in the following particulars: (1) there is no "Statement of the Case" as contemplated by above Rule 9; (2) nowhere does the brief refer to pages of the transcript; (3) there are no "Propositions of Law" stated upon which appellant relies to sustain the errors assigned; (4) there is no argument with respect to errors assigned which counsel desire to insist upon; and (5) nowhere in appellant's brief is any assignment of error mentioned. Neither does the brief direct us to a specific application of a ruling assigned as error, and this Court cannot be put to a search for errors not specifically assigned and argued in brief. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R. 2d 465; Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842. In Suits v. Glover, supra, it was said:

> "The failure of an appellant to insist upon errors assigned on the record constitutes a waiver thereof and precludes any consideration by this court. Supreme Court Rule 10, Code 1940, Title 7, Appendix; Coffee County v. Parrish, 249 Ala. 226, 30 So.2d 578; Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.
>
> "And the brief is insufficient which makes some general propositions but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97."

It was stated in Boles v. Bonner, 267 Ala. 342, 101 So.2d 544, as follows:

"There are seven assignments of error. No reference is made to any assignment of error in appellant's brief. We have held this to be insufficient to justify our consideration of the assignments of error. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; State v. Southland Hatchery, 253 Ala. 449, 45 So.2d 302."

There is no alternative but to affirm the judgment of the lower court.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.