162 So.2d 478

**Hampton D. LEE**

**v.**

**Sue S. BELCHER, d/b/a Belcher Ambulance Sales.**

**2 Div. 447.**

Supreme Court of Alabama.

March 26, 1964.

David H. Hood, Jr., Bessemer, for appellant.

Mason & Davis, Marion, Pitts & Pitts, Selma, for appellee.

MERRILL, Justice.

Appeal from a judgment in favor of plaintiff for $3,130. A motion for a new trial was overruled. Appellee has filed a motion to affirm or dismiss the appeal because of the inadequacy of the appellant's brief. The motion is granted.

Counsel for appellant is different from counsel who represented him at trial and at the hearing on the motion for a new trial.

The argument section of appellant's brief appears on less than one and one-half pages of legal paper. No assignment of error is referred to, no proposition of law is adverted to and nowhere in the entire brief or the five listed assignments of error is any page of the transcript listed.

 What we said in Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465, is applicable here:

"The failure of an appellant to insist upon errors assigned on the record constitutes a waiver thereof and precludes any consideration by this court. Supreme Court Rule 10, Code 1940, Title 7 Appendix; Coffee County v. Parrish, 249 Ala. 226, 30 So.2d 578; Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Lousiville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.

"And the brief is insufficient which makes some general propositions but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97."

These statements have been followed in Reynolds v. Henson, 275 Ala. 435, 155 So. 2d 600; Chatom State Bank v. Ferguson, 274 Ala. 42, 145 So.2d 206; Packard v. Gulf Development Co., 274 Ala. 126, 145 So. 2d 805; Gordon v. State, 273 Ala. 213, 137 So.2d 752; Wilson v. City Bank Farmers Trust Co., 270 Ala. 508, 120 So.2d 379; Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899; McGhee v. Walker, 268 Ala. 521, 108 So.2d 433; Boles v. Tom Bonner Realty Co., 267 Ala. 342, 101 So.2d 544.

In Barrett v. Hanks, 275 Ala. 383, 155 So.2d 339, we said:

"None of the assignments of error are mentioned in brief. Supreme Court Rule 9, Code 1940, Appendix, provides that both the propositions of

law and the argument in appellant's brief be with respect to the errors assigned, and this court has consistently held that if this requirement is not met the case can be affirmed. [Citing cases]."

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.