190 So.2d 921

**MERCHANT SEAMEN'S CLUB OF MOBILE**

**v.**

**ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD.**

**1 Div. 241.**

Supreme Court of Alabama.

Sept. 29, 1966.

Rehearing Denied Oct. 27, 1966.

Thos. M. Haas, Mobile, for appellant.

Schuyler A. Baker of Baker, McDaniel & Hall, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court of Mobile County in favor of defendant, Alabama Alcoholic Bev-

erage Control Board, and against the plaintiff, The Merchant Seamen's Club of Mobile, a corporation.

The proceedings originated before the defendant Board whose officers, after hearing the evidence, suspended the license of said plaintiff corporation to make on-premise sales of alcoholic beverages. The corporation filed a petition in the Circuit Court of Mobile County for common law writ of certiorari to obtain a judicial review of the action of the Board in suspending said license.

The Circuit Court granted the writ. Responding to an order of the Circuit Court, the Board filed with the trial court all the records, papers and proceedings incident to the hearing before it; also included was a finding of fact by the Board and a transcript of the testimony taken at said hearing. The Circuit Court heard additional testimony on behalf of the parties.

The record on this appeal contains 149 pages of testimony given by eight different witnesses. It also contains twenty-one assignments of error.

Appellant contends that the evidence was insufficient to sustain the judgment of the trial court. Appellant fails in its brief to set out a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of each witness clearly and concisely. Appellant's brief fails to comply with Rule 9 of the Revised Rules of the Supreme Court, effective June 1, 1955 (Cumulative Pocket Part, Title 7, Code 1940; 261 Ala. XIX).

Appellant's brief also fails to conform to the mandate of Rule 9, supra, in that there is no argument with respect to errors assigned which counsel desires to insist upon; and nowhere in appellant's brief is an assignment of error mentioned, neither does the brief direct us to a specific application of a ruling assigned as error,

and this court cannot be put to a search for errors not specifically assigned and argued in brief. Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600. No reference is made to any assignment of error in appellant's brief. We have held this to be insufficient to justify our consideration of the assignments of error. Boles v. Bonner, 267 Ala. 342, 101 So.2d 544; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R. 2d 465.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.