BRADLEY, Judge.
This is an appeal from a granting of summary judgment.
On March 28, 1983 husband, Mr. Roberson, filed a third-party complaint against wife, Mrs. Riley, seeking contribution from Mrs. Riley on a promissory note the couple had jointly executed during the time they were married.
Wife filed a motion for summary judgment, which the court granted on December 13, 1983. Husband filed a motion for reconsideration. Denied. He appeals.
Husband argues here that the trial court erred in granting wife’s motion for summary judgment. We agree and reverse.
The relevant facts show that on March 13, 1976 the parties jointly executed a promissory note in the amount of $12,000 to wife’s parents, the Fords. On July 21, 1977 the parties were divorced. The divorce decree incorporated an agreement of the parties which, among other things, awarded custody of the parties’ three minor children to wife, and awarded her the use of the homeplace and the right to the furniture and household goods located in the home. The agreement was composed of fifteen numbered paragraphs. Paragraph ten provided that:
“Plaintiff [husband] shall be responsible for all debts and indebtedness incurred by the Parties during the marriage and up to and including the date of this instrument.”
*91 On April 10, 1978 the husband petitioned to modify the divorce decree and to award him custody of the parties’ children. After a hearing and on October 23, 1978, the trial court entered a modification order deleting paragraphs one through fifteen of the separation agreement and substituted in lieu thereof that husband was to have custody of the children and wife was to have visitation. The court also awarded husband the furniture and household goods which had been previously given to the wife in the initial property settlement.
Wife appealed to this court from the modification of the decree and essentially raised two arguments: (1) whether the trial court erred in changing custody of the children from wife to husband, and (2) whether the court could modify the prior division of the parties’ property. In the conclusion of her brief, wife asked that we “reverse and render all provisions of the Trial Court’s judgment, except for paragraph C [which she did not contest] (or alternatively, to reverse and remand).”
On March 7, 1979 this court reversed and remanded the case for entry of a judgment not inconsistent with the opinion. See Roberson v. Roberson, 370 So.2d 1008 (Ala.Civ.App.1979).
The evidence shows that husband continued paying on the note until November 18, 1982 and thereafter made no further payments. There was evidence that as of November 18, 1982 $4,700 was still owed on the note. On March 3, 1983 the Fords filed suit against husband seeking payment on the note. The present action commenced when husband joined wife in the suit and she filed for and was granted summary judgment.
The issue presented here is: what was the legal effect of this court’s decision in Roberson v. Roberson, supra as to paragraph ten of the original divorce decree? It is husband’s contention that wife failed to preserve specifically for review the issue of the validity of paragraph ten of the separation agreement and that, as a result, this court’s decision issued March 7, 1979 reversed only those portions of the modification order raised by wife in her appeal and did not reverse that portion dealing with the parties’ joint indebtedness, which was not an issue in that appeal.
It is a general rule of appellate review that no matters will be considered on appeal unless presented and argued in brief. Boles v. Bonner, 267 Ala. 342, 101 So.2d 544 (1958); Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App.1982); McNeill v. McNeill, 332 So.2d 387 (Ala.Civ.App.1976). When an appellant fails to argue an issue in its brief, that issue is waived and cannot be considered on appeal. Boshell v. Keith, 418 So.2d 89 (Ala.1982); Blalock v. Blalock, 51 Ala.App. 686, 288 So.2d 747 (Ala.Civ.App.1974). And, the same rule applies when a brief makes general propositions but fails to make specific application to the rulings assigned as error. Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (1968); Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600 (1963), appeal dismissed, 277 Ala. 424, 171 So.2d 240 (1965).
In the case at bar it appears that wife chose not to ask this court to review the entire modification decree. Instead, she argued in brief only those portions of the modification order pertaining to custody and to paragraph six (awarding husband the household goods and furniture). She did not raise as an issue on appeal the payment of the marital debts; thus, that issue was not presented for review by this court and is deemed to have been waived. Boshell v. Keith, supra.
While it is true that in the conclusion of wife’s brief to this court she asked that we “reverse and render all provisions of the trial court’s judgment except ...,” (emphasis added), this did not amount to an argument on the validity of paragraph ten, and, thus, without more, could not vest this court with the authority to review the issue. Brittain v. Ingram, supra; Reynolds v. Henson, supra.
Since we are precluded from considering issues not presented on appeal, it would follow that our statement in the opinion that “we are compelled to reverse the re *92 mainder of the decree of the court below” applies solely to the issues raised and argued by wife in her appeal and not to those not argued, i.e. the validity of paragraph ten of the separation agreement. Therefore, the trial court’s modification order setting aside paragraph ten remained in effect notwithstanding our reversal of portions of that modification decree.
The trial court’s order granting summary judgment to the wife is reversed and the cause is remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.