Marion Elizabeth Ford Riley petitions this Court to review a decision of the Court of Civil Appeals, 464 So.2d 90, favorable to the Respondent, J. Ronald Roberson.
During their marriage, Riley and Roberson executed a joint promissory note to Riley's parents for $12,000. The divorce decree dissolving the marriage of Riley and Roberson incorporated the terms of a separation agreement containing fifteen paragraphs of specific provisions. Under the agreement, Riley was given custody of the children and the use of the home and furnishings. Paragraph 10 of the agreement made Roberson liable for all debts incurred by the parties during their marriage.
Roberson subsequently filed a petition for modification of the divorce decree, which petition was granted. The modification order entered by the trial court deleted all
paragraphs of the initial settlement agreement and substituted therefor paragraphs "A" and "D," giving custody of the children and title to and use of the home and furnishings to Roberson and allowing visitation rights to Riley. Riley appealed from this modification order to the Court of Civil Appeals, attacking the custody and property settlement provisions substituted for the paragraphs of the original settlement agreement. The conclusion of Riley's brief to the Court of Civil Appeals, however, requested that court to "reverse and render all provisions of the Trial Court's judgment except for Paragraph C [dealing with title to the residence] (or alternatively to reverse and remand)."
The Court of Civil Appeals "Reversed and Remanded [the modification order] for Entry of a Judgment Not Inconsistent with [Its] Opinion." That opinion discussed the issues of child custody and property settlement, but made no mention of the specific paragraphs of the divorce decree which the modification order had apparently deleted. Roberson v.Roberson, 370 So.2d 1008 (Ala.Civ.App. 1979).
Following the reversal of the modification order, the trial court entered a bench note ordering that custody of the children be returned to Riley and that Roberson resume support payments. The trial court also issued an order establishing Roberson's visitation rights. No other orders were entered in the case. Roberson continued to pay the monthly installments due on the promissory note to Riley's parents, but subsequently ceased those payments. Riley's parents sued Roberson on the balance due on the note. Roberson impleaded Riley on the ground that the reversal of the modification order had not reinstated Paragraph 10 of the divorce decree. The trial court granted Riley's motion for summary judgment (thereby denying contribution from Riley) and denied Roberson's motion for reconsideration.
The Court of Civil Appeals in the present case reversed the trial court's order granting summary judgment to Riley and remanded the cause. We granted Riley's petition for certiorari.
The issue presented is whether the first opinion of the Court of Civil Appeals reversing the modification order totally annulled that order and reinstated the provisions *Page 94 
of the original divorce decree, thereby reviving Paragraph 10 of the decree making Roberson solely responsible for the payment of the promissory note. We find that it did and we reverse.
Roberson advances the compelling argument that, because Riley's brief appealing the modification order raised specific issues of child custody and property settlement, only those two issues were affected by the Court of Civil Appeals' reversal of the modification order. Indeed, it has long been the law in Alabama that failure to argue an issue in brief to an appellate court is tantamount to the waiver of that issue on appeal. An appellate court will consider only those issues properly delineated as such and will not search out errors which have not been properly preserved or assigned. Humane Society ofMarshall County v. Adams, 439 So.2d 150 (Ala. 1983); Boshell v.Keith, 418 So.2d 89 (Ala. 1982); McNeill v. McNeill,332 So.2d 387 (Ala.Civ.App. 1976); Melton v. Jackson, 284 Ala. 253,224 So.2d 611 (1969); Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899 (1960); Schneider v. Southern Cotton OilCo., 204 Ala. 614, 87 So. 97 (1920). This standard has been specifically applied to briefs containing general propositions devoid of delineation and support from authority or argument.Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653 (1968);Reynolds v. Henson, 275 Ala. 435, 155 So.2d 600 (1963) (later appeal dismissed on other grounds, 277 Ala. 424, 171 So.2d 240
(1965)).
Notwithstanding the basic validity of the foregoing, we find that the rule of law contained in these cases proffered by Roberson is not dispositive of the issue raised by the instant case. Equally well-settled in the law of Alabama is the principle that a judgment is a legal entity — a single unit — the reversal of which annuls it in its entirety and vacates all rulings that are contained within it. Millican v. Mintz,251 Ala. 358, 37 So.2d 425 (1948); Sovereign Camp, W.O.W. v. Moore,235 Ala. 117, 177 So. 642 (1937); Marsh v. Elba Bank TrustCo., 205 Ala. 425, 88 So. 423 (1920); Brotherhood of Painters,Decorators and Paperhangers of America v. Trimm, 19 Ala. App. 429,97 So. 770 (1923).
Here, the issues raised by Riley's earlier appeal from the modification order, namely child custody and property settlement questions, were the only issues affirmatively addressed by the substituted provisions of the modification order. That order deleted all the provisions of the original divorce decree and substituted in lieu thereof four paragraphs which A) gave custody of the children to Roberson, B) gave visitation rights to Riley, C) gave right and title to the residence to Roberson, and D) gave right and title to all household goods to Roberson.
Riley's brief in that first appeal delineated the issues as involving child custody and property settlement — the entire
subject matter of the limited provisions of the order she sought to have reversed. The opinion and judgment of the Court of Civil Appeals, then, annulled the modification order in its entirety (as if it had never existed), thereby restoring Riley and Roberson "to their rights as they were before [the modification order] was rendered," i.e., making them again governed by the provisions of the original divorce decree, including Paragraph 10. Williams v. Simmons, 22 Ala. 425
(1853). See, also, Shirley v. Shirley, 361 So.2d 590
(Ala.Civ.App. 1978); Birmingham Electric Co. v. Alabama PublicService Commission, 254 Ala. 119, 47 So.2d 449 (1950);Brotherhood of Painters, supra; Simmons v. Price, 18 Ala. 405
(1850).
Roberson argues that Riley's failure to raise the issue of repayment of marital debts (Paragraph 10) in her appeal from the modification order now precludes her from asserting the validity of Paragraph 10 in the instant case. This contention is without merit. Riley's appeal from the modification order sought the reversal of that order, a reversal which would annul the terms of the order, and sought to reinstate the provisions of the decree it had replaced. Reversal of the entire modification order was in no way dependent upon any argument *Page 95 
regarding the validity of the provisions of the original divorce decree. The four paragraphs of the modification order were substituted in lieu of the original divorce decree, all of the provisions of which were specifically deleted by the terms of the modification order. It was the reversal of the modification order, however, that revived the fifteen paragraphs of the divorce decree and restored Riley and Roberson to their rights under that earlier decree.
Upon remand of the earlier proceeding (reversal of the modification order), the trial court, either upon its own motion or upon the motion of either of the parties, could have re-entered a modification order consistent with the Court of Civil Appeals' decision of reversal. Because this was not done, the only viable order affecting the rights of the parties was the original decree of divorce.
REVERSED AND REMANDED.
MADDOX, FAULKNER, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.
ALMON, J., not sitting.