Brandy K. Deal, a minor, by and through her mother and next friend, Melissa Barber, filed a complaint alleging assault and battery against the City of Opp, Alabama, the City of Opp Board of Education, Caroline Henderson a/k/a Connie Henderson, and Eddie Hill. The court entered a summary judgment for Hill and, pursuant to Rule 54(b), Ala.R.Civ.P., made that judgment final. This appeal concerns only the judgment for Hill.
Deal gave the following affidavit:
 "1. My name is Brandy Deal. I am twelve (12) years of age.
 "2. During the period from which this lawsuit arises, I was a student at Opp Middle School.
 "3. Ms. Connie Henderson was my teacher in a Chapter One reading class.
 "4. On January 26, 1990, just before my Chapter One reading class I accidentally bumped Ms. Henderson on the shoulder with my hand.
 "5. Immediately after that happened, Ms. Henderson looked at me and told me 'When I get to the classroom, I'll take care of you.'
 "6. Shortly after we arrived in the classroom, Ms. Henderson called my name and told me to come with her.
 "7. Ms. Henderson and I went to Coach Eddie Hill's classroom.
 "8. Ms. Henderson then told Coach Hill that I had hit Ms. Henderson in the hallway and that she was going to paddle me.
 "9. Coach Hill then handed Ms. Henderson the stick that she eventually struck me with.
 "10. Ms. Henderson then told me to grab my ankles. When she told me that *Page 1348 
I looked at Coach Hill, but he didn't say or do anything.
 "11. Ms. Henderson then told me again to grab my ankles. During the time in which Ms. Henderson told me to grab my ankles, Coach Hill was approximately two (2) feet away from me.
 "12. After I grabbed my ankles, Ms. Henderson struck me with the stick that Coach Hill had handed Ms. Henderson.
 "13. During this time, Coach Hill never moved or attempted to stop Ms. Henderson from striking me with the stick.
 "14. After Ms. Henderson struck me with the stick, I left the room to go to the bathroom.
 "15. When I returned from the bathroom, Ms. Henderson and Coach Hill were talking in the hall and I went back to Ms. Henderson's classroom."
Hill, in his affidavit, denied imposing on Brandy Deal any punishment, authorizing anyone else to do so, or taking any part in the matter. The only other evidence submitted on the summary judgment motion was the deposition of a psychologist who treated Deal after the incident.
In Suits v. Glover, 260 Ala. 449, 71 So.2d 49 (1954), this Court affirmed a judgment on a verdict for the defendant schoolteacher in an action alleging assault and battery arising out of a school spanking. The Court held as follows:
 "A schoolmaster is regarded as standing in loco parentis and has the authority to administer moderate correction to pupils under his care. To be guilty of an assault and battery, the teacher must not only inflict on the child immoderate chastisement, but he must do so with legal malice or wicked motives or he must inflict some permanent injury. In determining the reasonableness of the punishment or the extent of malice, proper matters for consideration are the instrument used and the nature of the offense committed by the child, the age and physical condition of the child, and the other attendant circumstances."
260 Ala. at 450, 71 So.2d at 50 (citations omitted).
In Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401,51 L.Ed.2d 711 (1977), the United States Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment does not apply to traditional corporal punishment of students. The Court held that the student has a liberty interest under the Fourteenth Amendment, but that "the Fourteenth Amendment's requirement of procedural due process is satisfied by Florida's preservation of common-law constraints and remedies," 430 U.S. at 683, 97 S.Ct. at 1419.
The Supreme Court's ruling in Ingraham has been followed by a Federal district court in Alabama:
 "Alabama, like Florida, has continued to recognize the common law right of a child not to be subjected to excessive corporal punishment in school, Suits v. Glover, 260 Ala. 449, 71 So.2d 49
(1954), and, accordingly, has afforded victims of such punishment both civil and criminal remedies, Jones v. Parmer, 421 F. Supp. 738, 740 n. 1 (S.D.Ala. 1976). See also, Ingraham, 430 U.S. at 663 n. 28 [97 S.Ct. at 1408 n. 28.] Therefore, relying on Ingraham, this court must conclude that in view of the availability of traditional common law remedies the due process clause does not require notice or a hearing prior to the imposition of corporal punishment in the Alabama public schools.
 "Furthermore, as noted above, Shirley Hale claims that her son's right to procedural due process was violated by Pringle's failure to follow the school board's policy for administering corporal punishment. This claim is also without merit. The corporal punishment policy established by the Lowndes County Board of Education clearly is not required by the federal constitution or federal laws, Ingraham v. Wright, supra, 430 U.S. at 672-82 [97 S.Ct. at 1413-18], that is, a student has no right under either the federal constitution or federal laws to have corporal punishment administered to him or her in his or her principal's office only and only when there is an additional adult present to serve as a witness. Therefore, the infliction of corporal *Page 1349 
punishment without following these two school board requirements, 'unaccompanied by some more precise claim of federal right than a general claim of lack of due process, is not the sort of deprivation of a right, privilege or immunity which is secured by the Constitution of the United States or an Act of Congress. . . . Cases of this genre constitute uniquely State causes of action. As such they are peculiarly within the realm of State courts.' McDowell v. State of Texas, 465 F.2d 1342, 1345-46 (5th Cir. 1971) (footnote and citations omitted) (emphasis in original), cert. denied, 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973).*
Hale v. Pringle, 562 F. Supp. 598, 601-02 (M.D.Ala. 1983).
Thus, the holding in Suits v. Glover that a teacher may punish a student unless he "inflict[s] on the child immoderate chastisement . . . with legal malice or wicked motives or . . . inflict[s] some permanent injury," 260 Ala. at 450,71 So.2d at 50, is the applicable law. The evidence before us has no tendency to show that Hill violated the Suits v. Glover
standard.
Deal argues that her evidence presents a fact question as to whether Hill can be liable for conspiracy to commit assault, citing instruction 5.03, Alabama Pattern Jury Instructions(Civil), which comes within the topic of "Assault and Battery" and is entitled "Joint Liability — Conspiracy." It includes:
 "It is the law that when, by prearrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally liable with the one who does the act."
The pattern jury instruction cites several cases, of whichAbney v. Mize, 155 Ala. 391, 46 So. 230 (1908), is directly on point regarding conspiracy to commit assault. The Court inAbney approved the following instruction:
 "The court charges the jury that if Ben Abney aided, abetted, or encouraged Dee Abney in entering into or continuing an unlawful assault on plaintiff, then he would be responsible for whatever Dee Abney did in the furtherance of such assault, notwithstanding that he may not have explicitly encouraged, aided, or abetted any one particular act of defendant Dee Abney."
Hill points out that Deal did not include a count alleging conspiracy in her complaint. Even assuming the complaint to state a cause of action for conspiracy, and even assuming that Henderson's acts might possibly have violated the Suits v.Glover standard, Deal's affidavit does not present sufficient evidence to withstand the summary judgment motion. At most, her evidence shows that Hill failed to override Henderson's already formed intention of punishing Deal. He was not Henderson's supervisor, and there is no evidence that he had authority to instruct her not to punish Deal. Deal states in her affidavit that Hill gave Henderson the pointer after Henderson said she was going to paddle Deal, but this statement is not substantial evidence that Hill entered into a conspiracy with Henderson to "inflict on [Deal] immoderate chastisement." Suits v. Glover, supra.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
* "However, even if Pringle's failure to follow board policy on corporal punishment did state a cognizable federal claim, the failure to follow the policy would be a violation without an injury, at least, as to Shawn Hale. The failure of Pringle to spank Shawn in the principal's office and with another adult present in no manner detracted from the fact that Shawn deserved the spanking and the further fact that the spanking was inflicted in a reasonable manner." *Page 1350