MOORE, Judge.
This court’s opinion of May 22, 2015, is withdrawn, and the following is substituted therefor. ■
Melissa Lewis, as mother and next friend .of P.L., a minor, appeals from a summary judgment entered by the DeKalb Circuit Court (“the trial court”) in favor of Stuart Mitchell. -We reverse and remand.

Procedural History

On December 18, 2013, Lewis filed an amended complaint against Mitchell, a teacher at Plainview School, alleging that Mitchell had committed assault and battery against her son, P.L., who was a student at Plainview School, and that Mitchell had negligently and wantonly injured P.L. On January 21, 2014, Mitchell answered Lewis’s amended complaint, asserting, among other things, that he was entitled to state-agent immunity for his actions in using corporal punishment to discipline P.L.
Mitchell filed a motion for a summary judgment, along with a brief and evidentia-ry materials in support thereof. Mitchell argued, among other things, that he was entitled to state-agent immunity. See Ex parte Cranman, 792 So.2d 392 (Ala.2000).[1] Thereafter, Lewis filed a brief, along with evidentiary materials in support thereof, in opposition to Mitchell’s summary-judgment motion. Subsequently, Mitchell filed a reply in further support of his summary-judgment motion.
On October 2, 2014, the trial court entered a summary judgment in favor of Mitchell, specifically finding that Mitchell was entitled to state-agent immunity. On October 21, 2014, Lewis filed her notice of appeal to the Alabama Supreme Court; that comí transferred the appeal to this *700 court pursuant to § 12-2-7(6), Ala.Code 1976.

Standard óf Review .

“Our standard of review for á summary judgment is as follows:
“ ‘We review the trial court’s grant or denial of a summary-judgment motion de novo, and we use the ■ same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala.2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the non-movant must then present substantial evidence creating a genuine, issue of material fact. Id. “We review the evidence in a light most favorable to the nonmovant.” 943 So.2d at , 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala.2006).’ ”
Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 793 (Ala.2007) (quoting Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala.2006)).

Discussion

On appeal, Lewis argues that Mitchell exceeded the scope of his authority in administering corporal punishment to P.L. and, therefore, that he was not ’entitled to state-agent immunity. She specifically argues that there was a genuine issue of material fact as to whether Mitchell acted in accordance with the policy set forth by the DeKalb County Board of Education (“the board”).
“ ‘A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
[[Image here]]
“ ‘(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in .... educating students.
“‘Notwithstanding anything to the contrary in the foregoing statement of the rule, .a State agent shall not be immune from civil liability in his or her personal capacity
“ ‘(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of-this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“ ‘(2) when .the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.’ ,
“Ex parte Cranman, 792 So.2d 392, 405 (Ala.2000) (plurality opinion) (adopted by [the Alabama Supreme] Court in Ex parte Butts, 775 So.2d 173 (Ala.2000)).”
Ex parte Monroe Cnty. Bd. of Educ., 48 So.3d 621, 625 (Ala.2010).
In Ex parte Monroe County Board of Education, our supreme court-held that, because a teacher “did not adhere to the [Moni’oe County Board of Education’s] policy, she exceeded the scope of her authority, and she was not entitled to a summary judgment based on State-agent immunity.” 48 So.3d at 628. In the present case, Mitchell maintained that he had used corporal punishment on P.L. because of P.L.’s failure to complete his homework; Mitchell also maintained that he had similarly punished three other students. P.L., however, testified in his deposition that Mitchell had used corporal punishment on him because he had failed a test. Statements from the other three students confirmed P.L.’s testimony. Charles Warren, *701 the superintendent of the board, testified that a teacher’s use of corporal punishment on a student for making a bad grade on a test is a violation of the board’s policies. Ronald Bell, the • principal of Plainview School, as well as Mitchell himself, agreed that corporal punishment is not authorized for making a bad grade.
'We also note that, although Mitchell maintained that he had used “moderate” force in accordance with the board’s policy, Lewis introduced a photograph of P.L.’s injuries that had resulted from the imposition of the corporal punishment. Bell testified that the board’s policies do not authorize a teacher to use the amount of force it would take to result in the bruising reflected in that photograph. Warren and Bell both testified that, if the bruising reflected in the photograph had been caused by the child’s mother, they would have been obligated to report the incident to the Department of Human Resources as suspected child abuse.
Because Lewis presented evidence indicating that Mitchell had used corporal punishment in violation of the board’s policy, we conclude that there was a genuine issue of material fact regarding whether Mitchell “exceeded the scope of [his] authority, and [that he, therefore,] was not entitled to a summary judgment based on State-agent immunity.” Ex parte Monroe Cnty. Bd. of Educ., 48 So.3d at 628.
On application for rehearing, Mitchell argues that this court did not consider whether he was entitled to schoolmaster or statutory immunity. We note that the trial court did not enter the summary judgment in Mitchell’s favor on either of those bases. However, Mitchell did present arguments on each of those types of immunity in support of his summary-judgment motion. “[T]his court will .affirm a trial court’s judgment on any valid legal ground supported by the record.” Barrett v. Roman, 181 So.3d 364, 374 (Ala.Civ.App.2015). However, we conclude that Mitchell was not entitled to a summary judgment on the basis of either schoolmaster or.statutory immunity.
With regard to statutory immunity, Ala.Code 1975, § 16-28A-1, provides, in pértinent part: “Teachers aré hereby given the áuthority and responsibility to use appropriate means of discipline up tó and including corporal punishment as may be prescribed by the local board of education.” In the present case, however, we have determined that there is an issue of fact regarding whether Mitchell violated the policy of the board.' Therefore, Mitchell is not entitled to a summary judgment based on statutory immunity.
With regard to schoolmaster immunity, in Hinson v. Holt, 776 So.2d 804 (Ala.Civ.App.1998), this court noted:
“ ‘A schoolmaster is regarded as standing in loco parentis and has the authority to administer moderate correction to pupils under his care. To be guilty of an assault and battery,- the teacher must not only inflict on the child immoderate chastisement, but he must do so with , legal, malice or wicked mo-fives or he must inflict some permanent injury.’ ”
776 So.2d at 810 (quoting Suits v. Glover, 260 Ala. 449, 450, 71 So.2d 49, 50 (1954)). This court, in Hinson v. Holt, held that evidence of a violation of a board of education’s policy regarding corporal punishment was evidence of malice. 776 So.2d at 812, Similarly, .in the present case, evidence indicating that Mitchell had violated the board’s policy would be evidence of malice. Because we have concluded that there is an issue of fact regarding whether Mitchell violated the policy of the board, we likewise conclude that there is an issue of fact regarding whether there was evi *702 dence of malice. Therefore, Mitchell is not entitled to a summary judgment in his .favor based on schoolmaster immunity.
Mitchell also argues in his rehearing brief that there was no' violation of a “detailed rule or regulation which does not require, judgment or discretion” and that corporal punishment may be administered for a minor offense pursuant to the policy of the board. The definitions of “offense” include “something that outrages, the moral or physical senses”; “the act of displeasing or affronting”; “the state of being insulted or morally outraged”; “a breach of a moral or social code”; and “an infraction of la,w.” Merriam-Webster’s Collegiate dictionary ,861 (11th ed.2003). We conclude, based on the ordinary, definition of “offense,” that neither failing a test nor failing to complete one’s homework is an “offense” warranting the administration- of corporal punishment.

Conclusion

Based on the foregoing, we reverse the summary judgment entered by the trial court and remand this cause for further proceedings consistent with this opinion.
APPLICATION GRANTED; OPINION OF'MAY 22, 2015, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ., concur.
' THOMAS, J., dissents, with writing.

. Cranman was a plurality opinion. The test for state-agent immunity set out in Cranman was adopted by a majority of our supreme court in Ex parte Butts, 775 So.2d 173 (Ala.2000).