Curtis Darnell JONES, Plaintiff,

v.

Gerald PARMER, Defendant.

Civ. A. No. 76–63–P.

United States District Court, S. D. Alabama, S. D.

Sept. 20, 1976.

W. Clinton Brown, Jr., Mobile, Ala., for plaintiff.

Abram L. Philips, Jr., Mobile, Ala., for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

PITTMAN, Chief Judge.

The defendant moves this court to dismiss this cause on the following grounds, to wit:

1. Because the complaint fails to state a claim upon which relief can be granted.

2. The court lacks jurisdiction because the amount actually in controversy is less than $10,000.00 exclusive of interest and cost.

3. The court lacks jurisdiction upon any other basis.

Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3), (4) and 28 U.S.C. § 1331. This action was instituted pursuant to 42 U.S.C. § 1983. Plaintiff alleges violation of his Eighth Amendment

right not to be subjected to cruel and unusual punishment and an infringement of his Fourteenth Amendment due process rights. The plaintiff seeks damages for these alleged deprivations by the defendant, acting under the color of state law, of his rights.

The defendant's motion as addressed to the alleged Eighth Amendment violations is meritorious and is hereby granted.

The allegations of the complaint in this case parallel several of the allegations and facts as developed in the *Ingraham v. Wright*, 525 F.2d 909 (5th Cir. 1976), case. Both cases have sought similar relief on similar theories for corporal punishment administered to a public school student in a public school system. (One account of the *Ingraham* suit sought to make it a class action whereas this case was filed on behalf of the individual only.) In one aspect of the *Ingraham* case, the facts alleged and developed an instance where the plaintiff student refused to submit to a paddling and when the student resisted he was struck on the arm, back, and across the neck. (At p. 911). X-rays, according to the student, showed a bone in his right hand was fractured. In the case *sub judice* the allegations were that the plaintiff was walking from the lunchroom to the next class. He was ordered to run rather than walk and the last one to enter the room was threatened with a whipping. It was further alleged he was grabbed by the shoulder and violently kicked in the lower back or posterior part of his body causing him much physical pain, temporary and permanent injuries including bruises and contusions, etc. There are no allegations of broken bones or injuries likely to be as serious as those in the *Ingraham* case.

In the *Ingraham* case, the School Board had adopted regulations pursuant to State statutory authority setting out how corporal punishment was to be administered. In that particular instance, the regulations were not followed. In this case, the School Board had adopted regulations pursuant to State statutory authority of the conditions under which corporal punishment would be administered and they were not followed. In the *Ingraham* case the plaintiff had a cause of action in the State Court. In the case *sub judice* the plaintiff has a cause of action in the State Court.

### I. *Cruel and Unusual Punishment—Eighth Amendment*

■ Plaintiff complains that the defendant's "arbitrary and violent assault" upon him abridged his Eighth Amendment rights. This particular constitutional prohibition has been judicially interpreted to apply only when the punishment is used as a sanction against criminal conduct. *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). In accordance with *Trop, Ingraham, supra*, specifically held that "the Eighth Amendment [was] inapplicable to corporal punishment in public schools." 525 F.2d at 914. Plaintiff concedes this point in his memorandum of June 14, 1976, at p. 6.

Plaintiff's action based upon the Eighth Amendment is dismissed.

### II. *Substantive Due Process—Fourteenth Amendment*

■ Substantive due process is the right not to be subjected to arbitrary governmental action. *Ingraham* at 915. This court is presented with the question of whether corporal punishment is rationally related to a permissible governmental end rather than being an arbitrary imposition of authority. The permissible governmental end is, of course, the maintenance of schools conducive to learning.

Alabama provides that "[a]ny . . . county . . . public school board may prescribe rules and regulations with respect to behavior and discipline of pupils enrolled in the schools . . . ." Title 52, Sec. I(9), *Code of Alabama* (1940, Supp.1973). The Escambia County School Board set forth regulations providing:

"(I) The principal may delegate to a teacher the power to administer corporal punishment. This punishment must not be given though except in the presence of the principal or another adult witness. A full report in writing, concerning each

case of corporal punishment and severe breach of discipline shall be made to the Superintendent of Education."

 It is this court's opinion that there is a rational relationship between the punishment and discipline in school.

*Ingraham* expressed the court's distaste towards looking "at each individual instance of punishment to determine if it has been administered arbitrarily or capriciously," *Ingraham* at 917, and that the student versus teacher character of this suit merely emphasizes the appropriateness of seeking a remedy in the state courts[1] or appealing the punishment to the County Board of Education itself.

### III. *Procedural Due Process—Fourteenth Amendment*

 The level of procedural due process to which an individual is entitled depends upon whether the threatened sanction subjects the person to a grievous loss of rights. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Ingraham*, at 917. The imposition of goal related corporal punishment in the schools is, as recognized in *Ingraham*, a "commonplace and trivial event in the lives of most children." *Ingraham* at 919. This court will not promulgate procedural guidelines regulating corporal punishment in a school system when the actual exercise of the conduct to be regulated does not rise to a constitutional level. Too, the present guidelines as set out by the county board are adequate. The court notes with apprehension the failure of the teacher to follow the guidelines. In a different context and in different circumstances serious questions might arise.

In essence, from both a substantive and procedural due process standpoint, there has been no federal constitutional violation. The determination of the impropriety of defendant's actions should, if further litiga-

tion is sought, be ascertained in state court or at the school board level.

### IV. *Amount in Controversy*

Determination of this particular question would be superfluous in that the defendant's motion to dismiss is due to be and hereby is GRANTED.

All costs are taxed to the plaintiff.

---

1. An action for civil assault and battery is available in Alabama as a common law action; criminal assault is prosecuted by authority of Title 14, Sec. 33, *Code of Alabama* (1940 Re-

comp.1958). This court, of course, expresses no opinion as to the sufficiency of the plaintiff's claim if either of these actions were initiated.