**W. E. COLEMAN et al., Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORATION,
Defendant.**

No. C 77–7 Y.

United States District Court,
N. D. Ohio, E. D.

Jan. 14, 1977.

Robert M. Clyde, Garrettsville, Ohio, Seth B. Marks, Cleveland, Ohio, for plaintiffs.

Thomas R. Skulina, Cleveland, Ohio, Donald A. Brinkworth, John G. Harkins, Jr., Laurence Z. Shiekman, Philadelphia, Pa., for defendant.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiffs challenge the decision of ·the Consolidated Rail Corporation (Conrail) to discontinue rail passenger service between Youngstown and Cleveland, Ohio. This matter came before the Court on January 13, 1977 pursuant to plaintiffs' motion for a temporary restraining order.

In November, 1976, Conrail decided to discontinue rail passenger service between Youngstown and Cleveland as of January 16, 1977. Notice of this discontinuance was issued and distributed by Conrail. The passenger service at issue consists of trains 28 and 29. This service transports at least sixty-three passengers daily over properties conveyed to Conrail pursuant to the final system plan.[1]

At the hearing Conrail moved to dismiss this action on the grounds that the passenger service was properly discontinued pursuant to 45 U.S.C. § 744(e)(2). This section provides, *inter alia,* that such service may be discontinued after the expiration of 180 days following the conveyance of the rail properties upon which such service is provided.

In support of their motion, plaintiffs rely, in part, upon this Court's decision in the case of *Brown v. Consolidated Rail Corporation,* 422 F.Supp. 1251 (N.D.Ohio 1976). In the *Brown* case the Court enjoined the abandonment of certain rail properties used in freight service pursuant to 45 U.S.C.

---

1. The properties between E. 55th Street and the Terminal Tower in Cleveland, Ohio have not been so conveyed.

§ 744(g). The *Brown* case is distinguishable from the instant case which concerns the discontinuance of passenger service, which is governed by the provisions of 45 U.S.C. § 744(e)(2).

■ As Conrail's decision to discontinue this service marks the final chapter in passenger rail service in Northeastern Ohio, the Court has carefully reviewed the statutes applicable to this case. However, plaintiffs have failed to demonstrate that any of the conditions precluding termination of rail passenger service under 45 U.S.C. § 744(e)(2) have been satisfied. Nor have plaintiffs demonstrated the presence of any cognizable constitutional issue in this case. The termination of access to public transportation pursuant to Congressional authorization is not such a grievous loss of right as to give rise to a requirement of procedural due process. See *Jones v. Parmer,* 421 F.Supp. 738 (S.D.Ala.1976); *State of New Jersey v. United States,* 168 F.Supp. 324 (D.N.J.1958); cf. *Snowden v. Birmingham-Jefferson County Transit Authority,* 407 F.Supp. 394 (N.D.Ala.1975). Accordingly, the Court dismisses this action for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P.[2]

IT IS SO ORDERED.

---

2. In view of this ruling, the Court does not reach the issue of the maintainability of this case as a class action.