Eulene HAWKINS, individually, and as representative of a class of employees of the State of Alabama who have reached the age of 70 and are forced to resign involuntarily because of their age, Plaintiff,

v.

Forrest Hood JAMES, as Governor of the State of Alabama; Gary Cooper, as Commissioner of the Alabama Department of Pensions and Securities; Annie Laurie Gunter, as Treasurer of the State of Alabama; George C. Dean, as Comptroller of the State of Alabama; Sid McDonald, as Finance Director of the State of Alabama; J. Stanley Frazer, Director, Personnel Department of the State of Alabama; Charles Graddick, as Attorney General of Alabama, Defendants.

Civ. A. No. 80–400–N.

United States District Court,
M. D. Alabama, N. D.

Jan. 14, 1981.

Julian L. McPhillips, Jr., Montgomery, Ala., for plaintiff.

Thomas T. Gallion, III, Montgomery, Ala., for ACSW, amicus curiae.

Sarah M. Greenhaw, Clyde P. McLendon, Asst. Attys. Gen., State of Ala., Montgomery, Ala., for all defendants.

## ORDER

HOBBS, District Judge.

This cause is now before the Court on defendants' motions to dismiss filed herein on October 27, 1980 and November 25, 1980. Upon consideration of said motions, briefs and arguments of counsel, the Court is of the opinion that the motions are due to be granted for the reasons set out below.

Plaintiff, age seventy-four, was employed by the State of Alabama, Department of Pensions and Security, from June 16, 1976 to September 30, 1980. *Alabama Code* § 36–27–16(a)(1)(c) provides in pertinent part as follows:

Any employee who attains age 70 shall be retired or shall withdraw from service forthwith; except, that any employee may be continued in the state service from year to year on his application, approved by the personnel board, if evidence of physical and mental fitness is furnished ....

The Handbook for Employees of the State Personnel Department contains a similar provision.

Plaintiff was given two extensions but was denied an extension on September 30, 1980. Plaintiff alleges that the denial of an extension on September 30, 1980, was based on a memorandum issued by Governor Fob James to "All Heads of Departments, Boards, etc." which provided the following:

No department, agency, board et al is to request a waiver of the 70 year old mandatory retirement without the approval of the Finance Director, and his approval is only to be given in the case when the public health of Alabama would be impaired.

Plaintiff further claims that this memorandum is State policy, with the force and effect of law.

Plaintiff alleges that the memorandum of Governor James infringed her constitutional rights to equal protection and due process in violation of 42 U.S.C. § 1983. Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff also contends that Governor James' memorandum violates Section 43 of the Alabama Constitution which provides for separation of powers.

It is well settled that this Court is "required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true." *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977). Further, the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Applying these principles, the Court concludes that plaintiff has failed to state a claim upon which relief can be granted.

## EQUAL PROTECTION

In *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Supreme Court established that the rational basis standard is the proper standard for determining whether a mandatory retirement statute violates equal protection, that is, whether the statute rationally furthers a legitimate state objective. The Court notes that this standard has been applied to various mandatory retirement statutes with courts often upholding such statutes as being rationally related to legitimate state interests.[1] In *Murgia,* the Supreme Court upheld a mandatory retirement age of fifty for uniformed state police officers.

Similarly, this Court concludes the present statute and action by the Governor

1. *E. g. Vance v. Bradley*, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (mandatory retirement of Foreign Service employees at age fifty); *Malmed v. Thornbury*, 621 F.2d 565 (3rd Cir. 1980) (mandatory retirement of state court judges at age seventy); *Johnson v. Lefkowitz*, 566 F.2d 866 (2nd Cir. 1977) (mandatory retirement of civil service officers at age seventy).

may be viewed as rationally related to the State's interest in efficiency and economy. This Court cannot say that a state policy which requires retirement at age seventy is so arbitrary and irrational as to be in violation of the equal protection clause of the Constitution. The world has been blessed by the service of many over the age of seventy who have made magnificent contributions, but this Court cannot deny that physical and even mental vigor frequently decline in persons over the age of seventy. The Constitution does not require an individual determination of the degree of competency in each case where one is over the age of seventy—with the painful production of evidence that a particular individual no longer possesses his full skills and abilities at age seventy-one, eighty-one, or ninety-one. "That the State chooses not to determine fitness more precisely through individualized testing after age [70] is not to say that the objective of assuring physical [and mental] fitness is not furthered by a maximum age limitation." *Murgia*, 427 U.S. at 316, 96 S.Ct. at 2568.

Plaintiff urges that despite the holding of the Supreme Court in *Murgia* that the time has come to strike down as unconstitutional all mandatory retirement plans based on age. It may well be that the economic and psychological hardships imposed on elderly persons will require an altered view as to such mandatory retirement plans, but this is the type of decision with competing social interests and objectives that should be resolved by legislatures, not by courts under the expansive umbrella of "equal protection."

In *Palmer v. Ticcione*, 576 F.2d 459, 464 (2nd Cir. 1978), the court stated:

> ... in determining the desirability of compulsory retirement, these considerations must be weighed against the social goals that compulsory retirement furthers. This is precisely the type of clash of competing social goals that is best resolved by the legislative process. The federal courts should not second guess the wisdom or propriety of such legislative resolutions as long as they are rationally based.

## DUE PROCESS

Plaintiff also contends that the action of Governor James in promulgating his memorandum was in violation of the state statute which allowed plaintiff to retain her job if she met certain conditions, and therefore such action by Governor James was arbitrary, capricious and unreasonable, violating her rights to due process under the Fourteenth Amendment to the United States Constitution. Plaintiff urges that Governor James' memorandum denies her the right granted by the Alabama Legislature to have her application for an extension considered by the Personnel Board. See Alabama Code § 36–27–16(a)(1)(c). The Court is of the opinion, however, that any violation of said Alabama statute by the Governor's memorandum does not present a substantial federal question. In a similar case, the Fifth Circuit Court of Appeals stated:

> The right to employment by a State, in itself, is not a right secured by the Constitution or by the laws of the United States; thus, even an invalid or an improper discharge from such an office, unaccompanied by some more precise claim of *federal right* than a general claim of lack of due process is not the sort of deprivation of a right, privilege or immunity which is secured by the Constitution of the United States or an Act of Congress providing for equal rights of citizens within the meaning of 28 U.S.C.A. § 1343(3). Cases of this genre constitute uniquely state causes of action. As such they are peculiarly within the realm of State courts. A right to have state (or city) laws obeyed is a state, not a federal right. Mere violation of a state statute does not infringe the federal constitution. Even though it is patent that the amorphous and protean contours of substantive due process under the Fourteenth Amendment extend to all citizens in all sorts of conditions and circumstances, it is equally axiomatic that federal jurisdiction under § 1343(3) and 42 U.S.C.A. § 1983 cannot be extended to that purely

local squabble by the mere invocation of the generalized protection which these words of the amendment confer. *McDowell v. State of Texas,* 465 F.2d 1342, 1345 (5th Cir. 1971) cert. den. 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973). And see *Miller v. Carson,* 563 F.2d 757 (5th Cir. 1977).

Accordingly, plaintiff's due process claim should be dismissed.

## STATE LAW

 Finally, plaintiff argues that this action by Governor James which conflicts with the Alabama statute is executive legislation in violation of the separation of powers section of the Alabama Constitution. This claim, however, raises a question of state law which the Court declines to consider. Every act of a governor which conflicts with a state statute may equally be characterized as executive legislation and a violation of the separation of powers section of the Alabama Constitution. State courts are fully competent to correct executive action which conflicts with the state constitution. *Wallace v. Baker,* 336 So.2d 156 (Ala.1976). "State courts are best equipped to determine the meaning and the scope of State statutes." *McDowell v. State of Texas,* 465 F.2d 1342, 1346.

Since the federal claims were properly dismissed, "the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

## CONCLUSION

Today's decision should not be construed as an endorsement for compulsory retirement or an evaluation of plaintiff's abilities to perform the duties required by her job. Nor should it be construed as a determination that the Governor's memorandum is consistent with Alabama statutory law. Rather this decision merely holds that plaintiff has not been deprived of her federal constitutional rights or rights guaranteed to her by federal law. Accordingly, it is

ORDERED that defendants' motions to dismiss be and the same are hereby granted.

It is further ORDERED that plaintiff's complaint and the amendment thereto be and the same are hereby dismissed without prejudice.