Keith RHODUS, By and Through Wendell RHODUS and Wendell Rhodus

v.

Michael DUMILLER.

Civ. A. No. 82–543–B.

United States District Court,
M.D. Louisiana.

Dec. 15, 1982.

Stephen M. Irving, Baton Rouge, La., for plaintiff.

J. Donald Cascio, Denham Springs, La., for defendant.

POLOZOLA, District Judge.

This suit was filed on behalf of Keith Rhodus, a minor, by his father, Wendell Rhodus, pursuant to 42 U.S.C. § 1983. The plaintiff alleges that the defendant, Michael Dumiller, a teacher-coach at Southside Junior High School in Livingston Parish, administered corporal punishment to the plaintiff by striking him eight times in the kidney area. The plaintiff alleges that this type of corporal punishment violated applicable school board regulations which limited corporal punishment to a maximum of three blows administered in the presence of another school official. According to the plaintiff, the defendant's failure to follow either of the above regulations is a violation

of the plaintiff's right to freedom from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and the plaintiff's right to due process under the Fourteenth Amendment to the Constitution. The plaintiff also asserts a cause of action under Louisiana law by alleging that the defendant's acts constitute a battery.

■ When the defendant's motion to dismiss was filed, the defendant attached an affidavit to the motion. Because the Court would be required to rely on the affidavit which was a matter outside of the pleadings, the Court, pursuant to Rule 12 of the Federal Rules of Civil Procedure, treated defendant's motion to dismiss as a motion for summary judgment and allowed the plaintiffs additional time within which to file affidavits or other evidence permitted by Rule 56 of the Federal Rules of Civil Procedure in opposing a motion for summary judgment. No oral argument is required on this motion.

The Court finds that based on the *en banc* decision of the Fifth Circuit in *Ingraham v. Wright,* 525 F.2d 909 (5 Cir.1976), the Supreme Court's decision which affirmed the ruling of the Fifth Circuit, *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), and the Fifth Circuit's decision in *Couf v. DeBlaker,* 652 F.2d 585 (5 Cir.1981), the defendant's motion must be granted. The pleadings and the evidence submitted to the Court reveal that there is no genuine issue of material fact in dispute and that the defendant is entitled as a matter of law to summary judgment on the federal claims. The Court, in its discretion, also dismisses the pendant claim filed under state law.

The material facts in this case are not in dispute. Keith Rhodus is a student at Southside Junior High School in Livingston Parish, Louisiana. Michael Dumiller is a teacher-coach at the school. On or about April 15, 1982, Keith Rhodus was disciplined by the defendant. During the course of disciplining the plaintiff, Michael Dumiller administered corporal punishment to him by striking the student with a paddle in excess of three times. No other teacher or representative of the school was present at the time the corporal punishment was administered. The applicable provisions of the Livingston Parish School Board policy on corporal punishment insofar as this case is concerned provided:

1.  Corporal punishment is defined as punishing or correcting a student by striking the student on the buttocks with a paddle. When such corporal punishment is administered to a student, it must be administered in a reasonable manner taking into consideration the age, size, emotional condition and health of the student.

2.  Nothing contained herein shall be interpreted as prohibiting an employee from using physical force, reasonable and appropriate under the circumstances, in defending oneself against a physical attack by a student or from using physical force, reasonable and appropriate under the circumstances, to restrain a student from attacking another student or employee.

3.  Corporal punishment should not be used as the first line of punishment for misbehavior. It should be used only after other methods have failed.

4.  Corporal punishment should never be used unless the student was informed beforehand that specific misbehavior could occasion its use. Corporal punishment may be administered to a student in lieu of giving him a short term suspension for violation of any of the school regulations set forth in Louisiana Revised Statutes 17:416.

5.  Prior to the administering of corporal punishment, as is the case with other disciplinary measures, the student shall be advised of the particular misconduct of which he is accused as well as the basis for such accusation and the pupil shall be given an opportunity to explain his or her version of the facts; however, the fact that the student may explain his version of the facts shall not limit the authority of any school official to determine if

misconduct has occurred and to decide upon and administer punishment therefor.

6. Another school official shall be present whenever corporal punishment is administered. "School official" includes all Livingston Parish School Board personnel who are required to hold a valid Louisiana Teaching Certificate as a condition of employment.

7. A record of each incident of corporal punishment shall be kept on file in the principal's office which shall include the name of the student and the time, date, details of the violation, the person administering such discipline and the witnesses thereto.

At the time the corporal punishment was administered, the above corporal punishment procedures which were adopted by the Livingston Parish School Board in June of 1977 were the only procedures to be followed by teachers. After the incident involving the plaintiff, the Livingston Parish School Board issued a directive to Michael Dumiller limiting the number of blows he may administer "in the future administration of corporal punishment to three (3) blows." However, at the time the plaintiff was disciplined there was no limitation on the number of blows which the defendant or any other teacher may administer to a student.

Thus, the issues the Court must determine are whether the actions of the defendant violate the plaintiff's rights under the Eighth and Fourteenth Amendments. Recent decisions rendered by the United States Supreme Court and the Fifth Circuit Court of Appeals have considered both of the issues which are pending before this Court and require a judgment for the defendant.

In *Ingraham v. Wright,* supra, the United States Supreme Court held that "the Eighth Amendment does not apply to the paddling of children as a means of maintaining discipline in public schools." 97 S.Ct. at 1409. The Court explained its decision by stating:

The openness of the public school and its supervision by the community afford significant safeguards against the kinds of abuses from which the Eighth Amendment protects the prisoner. In virtually every community where corporal punishment is permitted in the schools, these safeguards are reinforced by the legal constraints of the common law. Public school teachers and administrators are privileged at common law to inflict only such corporal punishment as is reasonably necessary for the proper education and discipline of the child; any punishment going beyond the privilege may result in both civil and criminal liability. See Part II, *supra.* As long as the schools are open to public scrutiny, there is no reason to believe that the common-law constraints will not effectively remedy and deter excesses such as those alleged in this case.

We conclude that when public school teachers or administrators impose disciplinary corporal punishment, the Eighth Amendment is inapplicable.

After concluding that the Eighth Amendment did not prevent corporal punishment of school children, the Court held that "corporal punishment in public schools implicates a constitutionally protected liberty interest" but "the traditional common-law remedies are fully adequate to afford due process." 97 S.Ct. at 1413. Thus, the Court found that "the Due Process Clause does not require notice and a hearing prior to the imposition of corporal punishment in the public schools, as that practice is authorized and limited by the common law." 97 S.Ct. 1418.

Although the Supreme Court did not consider the issue of whether corporal punishment in public schools violates substantive due process, the Fifth Circuit in the *Ingraham* case found that corporal punishment did not constitute a violation of substantive due process. In fact, the Fifth Circuit has ruled and this Court agrees, that it would be "a misuse of our judicial power" for the federal court to examine each instance of corporal punishment to determine if the punishment had been administered in an

arbitrary and capricious manner. In order to maintain school discipline, the Livingston Parish School Board has approved corporal punishment in its public school system and has prescribed procedures for teachers and other school officials to follow in imposing corporal punishment. The "[a]ssessment of the need for, and the appropriate means of maintaining school discipline is committed generally to the discretion of school authorities subject to state law." *Ingraham,* supra, 97 S.Ct. 1418. For the Court to inject itself into the manner in which school administrators wish to discipline school children would constitute a significant intrusion by the Court into an area of primary educational responsibility.

Furthermore, Louisiana law affords significant protection against unjustified corporal punishment. Both civil and criminal sanctions are available where unnecessary or excessive punishment is inflicted on a student by a school official. See LSA–R.S. 14:35; LSA–R.S. 14:18(4); LSA–R.S. 17:416(A); *Johnson v. Horace Mann Mutual Ins. Co.,* 241 So.2d 588 (2 Cir.1970); *Roy v. Continental Ins. Co.,* 313 So.2d 349 (3 Cir. 1975), cert. denied, 318 So.2d 47 (La.1975).

■ Thus, in summary, the Court finds that the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable to school paddlings and the Fourteenth Amendment's requirement of procedural and substantive due process is satisfied by Louisiana's preservation of commonlaw constraints and remedies.

■ Plaintiff also argues that his federally protected rights were violated because the defendant failed to follow the published and established school board policies when the defendant paddled the plaintiff. More specifically, plaintiff contends that the defendant failed to follow school board regulations by allegedly striking the plaintiff without another school official being present and by allegedly striking the plaintiff more than the maximum number of blows allowed. A review of the affidavits and exhibits filed in evidence fail to reveal any regulation which limits the number of blows a school official may inflict on a student. The regulations do require another school official to be present during the time a student is being paddled. The evidence is clear that only the defendant was present at the time he paddled the student in this case. Thus, the Court must determine whether the defendant's failure to follow a school regulation constitutes a constitutional violation which would give rise to a claim under 42 U.S.C. § 1983 and the federal Constitution. It is well settled that not every infraction of state law constitutes interference with a constitutionally protected interest. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Couf v. DeBlaker,* supra; *Bills v. Henderson,* 631 F.2d 1287 (6 Cir.1980). Procedural rules created by a state administrative body do not, of themselves, serve as a basis for a protected liberty nor does every deviation of these rules constitute a federal constitutional violation.

■ The regulation of the school board which requires two school officials to be present at any corporal punishment is procedural in nature. The failure of the defendant to follow the rules does not constitute a federal violation. Plaintiff has adequate state court remedies to protect any rights he may have for the defendant's alleged violation of the school board's regulations. See, *Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98, rehearing denied, 370 U.S. 965, 82 S.Ct. 1575, 8 L.Ed.2d 834 (1962).

Because the plaintiff cannot recover damages on the basis of any Eighth Amendment or procedural or substantive due process violation, defendant's motion for summary judgment must be granted.

Therefore:

IT IS ORDERED that the motion of the defendant, Michael Dumiller for summary judgment be and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's suit be dismissed with prejudice at plaintiff's costs.

*Judgment shall be entered accordingly.*