**Shirley HALE, as next of kin of Shawn Deandre Hale, and in her own behalf, Plaintiff,**

v.

**LaRue PRINGLE, individually and in his official capacity as Principal of Lowndes County High School; Uralee A. Haynes, individually and in her official capacity as Superintendent of Education for the Lowndes County Board of Education; Lydia Fair, Fletcher Fountain, Mary Dora Hammonds, Andrew McCall, and Willie B. Wilson, Jr., individually and in their official capacities as members of the Lowndes County Board of Education, Defendants.**

Civ. A. No. 82–083–N.

United States District Court, M.D. Alabama, N.D.

Jan. 24, 1983.

Vanzetta Penn Durant, Montgomery, Ala., for plaintiff.

Henry Sanders, Chestnut, Sanders, Sanders & Turner, Selma, Ala., for defendants.

## OPINION

MYRON H. THOMPSON, District Judge.

The plaintiff Shirley Hale, as the mother of Shawn Deandre Hale and in her own behalf, has brought this cause of action, which was tried before the court without a jury, claiming that the defendants violated the first and fourteenth amendments to the U.S. Constitution and 42 U.S.C.A. § 1983 by inflicting or causing the infliction of corporal punishment on Shawn Deandre Hale, a student in the Lowndes County School System, and by dismissing or causing the dismissal of Shirley Hale as a teacher's assistant in said school system.[1] Shirley Hale is seeking a declaratory judgment that her son's and her rights have been violated, reinstatement and backpay for herself, and both compensatory and punitive damages for her son and herself. The defendants are LaRue Pringle, who is sued individually and in his official capacity as principal of Lowndes County High School, Uralee A. Haynes, who is sued individually and in her official capacity as superintendent of education for the Lowndes County Board of Education, and Lydia Fair, Fletcher Fountain, Mary Dora Hammonds, Andrew McCall, and Willie B. Wilson, Jr., who are sued individually and in their official capacities as members of the Lowndes County Board of Education.

For reasons which follow, the court is of the opinion that the plaintiff Shirley Hale is not entitled to recover on behalf of her son and herself on any of her claims and that judgment is due to be entered in favor of the defendants on all claims.

## I. THE FACTS

On the morning of April 1, 1981, Josephine Wright and several other teachers at Lowndes County High School were late arriving at school because of inclement weather. The teachers rode to school together in the same car. LaRue Pringle, principal of the school, opened Wright's third-grade class, which was next to his office, and assigned aides and other school administrative staff to cover the other late teachers' classes. Pringle told the students in Wright's class to sit quietly until their teacher arrived, and he returned to his office. Shortly thereafter he heard a noise, and when he returned to Wright's class he found two students, Shawn Hale and Eric Taylor, fighting. Pringle spanked both students with a paddle, with each student receiving 3 to 5 licks. As a result of the spanking, Shawn Hale suffered what could be reasonably considered as the expected, minor bruises to his buttocks; and he also suffered a minor, small bruise to the smallest finger on his right hand, which had apparently gotten in the way of the paddle as it was being applied to his buttocks.

---

1. The jurisdiction of this court is properly invoked pursuant to 28 U.S.C.A. § 1343(3).

Shawn's mother, Shirley Hale, complained to Uralee A. Haynes, superintendent of the Lowndes County School System, that Pringle had used excessive force in spanking her son and that Pringle had failed to follow the school board policy which required that corporal punishment be administered in the principal's office only and only when there is at least one other adult present to serve as a witness. Haynes cautioned Pringle about following school board policy on the administering of corporal punishment and she discussed the matter with the school board. No other action was taken by either Haynes or the board.

Also in April or May 1981, Shirley Hale had criminal charges brought against Pringle because of the spanking. Pringle was found not guilty of the charges.

In the late spring or early summer of 1981, the Lowndes County School Board determined that a reduction in funding required that several employees in the Day Care Center Program be laid off. In August 1981, Joe Ella Rose, who had just become director of the program, consulted with Leola Bell, the former director, as to who should be laid off. Bell recommended that the classroom taught by Sarah Shelby, a teacher, be closed and that Shelby and her assistant, Shirley Hale, be laid off. Bell indicated that she had had too many work-related problems with Shelby and Hale. These problems included Shelby and Hale's leaving students unattended and Hale's refusal to clean children who had soiled their clothes.[2] Relying on Bell's recommendation, Rose recommended to Haynes that Shelby and Hale be laid off, and Haynes in turn relayed the recommendation to the school board, which approved and adopted the recommendation. Shelby and Hale were then laid off as of October 31, 1981.

## II. THE LAW

By this action, Shirley Hale claims that the spanking of her son was (a) a violation of his right to "substantive" due process and (b) a violation of his right to "procedur-

al" due process; and that her dismissal was (c) a violation of her right to petition her government for redress of grievances. Each of these alleged violations will be separately considered by the court.

### A. Substantive Due Process

■ In *Ingraham v. Wright*, 525 F.2d 909 (5th Cir.1976) (en banc), *aff'd on other grounds*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), the former Fifth Circuit unequivocally held that the infliction of corporal punishment on its face is not violative of substantive due process. The court observed that,

> Paddling of recalcitrant children has long been an accepted method of promoting good behavior and instilling notions of responsibility and decorum into the mischievous heads of school children. We do not here overrule it.

525 F.2d at 917. Thus, to the extent that Shirley Hale is claiming that the simple spanking of her son was violative of his right to substantive due process, her substantive due process claim is without merit. Furthermore, the court in *Ingraham*, noting the availability of state criminal and civil actions against a teacher who excessively punishes a child, indicated that it would be "a misuse of [federal] judicial power to determine whether a teacher had acted arbitrarily or excessively in applying corporal punishment." *Id.* 525 F.2d at 947. Therefore, to the extent that Shirley Hale is claiming that Pringle used excessive force in spanking her son, her claim of substantive due process is again without merit.

Shirley Hale, nevertheless, points this court to the Fourth Circuit case of *Hall v. Tawney*, 621 F.2d 607 (4th Cir.1980), to support her contention that excessive infliction of corporal punishment warrants federal judicial review. In *Hall*, the court concluded "that there may be circumstances under which specific corporal punishment administered by state school officials gives rise to an independent federal cause of action to vindicate substantive due process rights."

---

2. Other problems included Hale's being accused of taking another teacher's money.

However, Hale was apparently cleared of this accusation.

621 F.2d at 611. The court added that the standard for determining whether such a violation has occurred is

> whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.

621 F.2d at 613. *See also Ingraham, supra,* 525 F.2d at 920 (Godbold, J., dissenting), 525 F.2d at 921 (Rives, J., dissenting). However, Hale in reliance on *Hall* overlooks the fact that this court is bound by the precedent of the former Fifth Circuit until said precedent is overturned by the United States Supreme Court or the new Eleventh Circuit. *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (1981) (en banc). *Ingraham* is therefore the controlling law for this court.[3]

### B. Procedural Due Process

Shirley Hale's claim that the spanking of her son violated procedural due process is two-fold. She claims that her son's right to procedural due process was violated, first, because prior to inflicting corporal punishment Pringle failed to accord her son such procedural protection as notice and a hearing, and, second, because Pringle failed to follow the school board policy requiring that corporal punishment be administered in the principal's office only and before at least one additional adult to serve as a witness.

■ In *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), the United States Supreme Court stated that although "corporal punishment in public schools implicates a constitutionally protected liberty interest, ... traditional common-law remedies are fully adequate to afford due process." 430 U.S. at 672, 97 S.Ct. at 1413. After concluding that the State of

Florida afforded its citizens such traditional common-law remedies, that is, remedies affording "significant protection against unjustified corporal punishment," 430 U.S. at 678, 97 S.Ct. at 1416, the Court then held "that the Due Process Clause does not require notice or a hearing prior to the imposition of corporal punishment in the [Florida] public schools." 430 U.S. at 682, 97 S.Ct. at 1418.

Alabama, like Florida, has continued to recognize the common law right of a child not to be subjected to excessive corporal punishment in school, *Suits v. Glover,* 260 Ala. 449, 71 So.2d 49 (Ala.1954), and, accordingly, has afforded victims of such punishment both civil and criminal remedies, *Jones v. Parmer,* 421 F.Supp. 738, 740 n. 1 (S.D.Ala.1976). *See also, Ingraham,* 430 U.S. at 663 & n. 28, 97 S.Ct. at 1408 & n. 28. Therefore, relying on *Ingraham,* this court must conclude that in view of the availability of traditional common law remedies the due process clause does not require notice or a hearing prior to the imposition of corporal punishment in the Alabama public schools.

■ Furthermore, as noted above, Shirley Hale claims that her son's right to procedural due process was violated by Pringle's failure to follow the school board's policy for administering corporal punishment. This claim is also without merit. The corporal punishment policy established by the Lowndes County Board of Education clearly is not required by the federal constitution or federal laws, *Ingraham v. Wright, supra,* 430 U.S. at 672–82, 97 S.Ct. at 1413–18, that is, a student has no right under either the federal constitution or federal laws to have corporal punishment administered to him or her in his or her principal's office only and only when there is an additional adult present to serve as a witness. Therefore, the infliction of corporal punishment without following these two school board requirements, "unaccompanied by

---

**3.** However, even if this court could adopt the principle of law that the infliction of excessive corporal punishment is violative of substantive due process and warrants federal judicial review, the evidence presented in the instant case falls far short of substantiating such a violation. The court is of the opinion that the spanking administered by Pringle to Shawn Hale was reasonable and not excessive.

some more precise claim of *federal right* than a general claim of lack of due process, is not the sort of deprivation of a right, privilege or immunity which is secured by the Constitution of the United States or an Act of Congress. . . . Cases of this genre constitute uniquely State causes of action. As such they are peculiarly within the realm of State courts." *McDowell v. State of Texas,* 465 F.2d 1342, 1345–46 (5th Cir. 1971) (footnote and citations omitted) (emphasis in original), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1371, 35 L.Ed.2d 610 (1973). *See also United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *Hawkins v. James,* 525 F.Supp. 914, 916–17 (M.D.Ala.1981).[4]

## C. Right to Petition the Government for Redress of Grievances

■ It is a well-settled principle of American constitutional law that governmental employment may not be conditioned on the relinquishment of constitutional rights. *Williams v. City of Valdosta,* 689 F.2d 964, 968–69 (11th Cir.1982); *Waters v. Chaffin,* 684 F.2d 833, 835–36 (11th Cir. 1982); *Wilson v. Taylor,* 658 F.2d 1021, 1027 (5th Cir.1981). Thus, "every public employee is largely free to express [his or her] views, in public or private orally or in writing," *Abood v. Detroit Board of Education,* 431 U.S. 209, 230, 97 S.Ct. 1782, 1797, 52 L.Ed.2d 261 (1977), and no public employee may be dismissed from his or her job for the expression of his or her views. *Wilson v. Taylor, supra.*

■ In determining whether Shirley Hale was dismissed for a reason infringing upon her constitutionally-protected freedom of speech, this court must apply a test derived from the two Supreme Court cases *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct.

568, 50 L.Ed.2d 471 (1977) and *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The dismissed employee has the initial twin burden of establishing by a preponderance of the evidence that his or her speech was constitutionally protected and was a substantial or motivating factor in the dismissal decision. If the employee meets this burden, the burden of proof shifts to the governmental entity to show by a preponderance of the evidence that it would have reached the same decision to dismiss the employee in the absence of the protected speech. *Mt. Healthy, supra; Pickering, supra; Waters v. Chaffin, supra,* 684 F.2d at 837; *Paschal v. Florida Employees Relations Commission,* 666 F.2d 1381, 1384 (11th Cir.1982), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982).

■ Although Shirley Hale's attempt to seek redress for the spanking of her son was constitutionally protected activity, *see Bowen v. Watkins,* 669 F.2d 979 (5th Cir. 1982),[5] this court is of the opinion and so finds that she has failed to establish that her activity was even a factor, let alone a substantial or motivating one, in her layoff. *See, e.g., Hillis v. Stephen F. Austin State University,* 665 F.2d 547 (5th Cir. 1982), *cert. denied,* 457 U.S. 1106, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). The evidence is uncontradicted that because of a reduction in funding it was necessary to lay off persons in the Day Care Center Program. The initial selection of Shirley Hale as one of those to be laid off was done by Joe Ella Rose and Leola Bell, the new and former directors of the program, based on reasons unrelated to Hale's activity regarding her son; and there is no evidence whatsoever linking Rose and Bell and their decision to the constitutionally protected activity of

---

**4.** However, even if Pringle's failure to follow board policy on corporal punishment did state a cognizable federal claim, the failure to follow the policy would be a violation without an injury, at least, as to Shawn Hale. The failure of Pringle to spank Shawn in the principal's office and with another adult present in no manner detracted from the fact that Shawn

deserved the spanking and the further fact that the spanking was inflicted in a reasonable manner.

**5.** Although *Bowen* and other cases cited in this opinion are of the new Fifth Circuit and are not binding on this court, this court finds these opinions persuasive.

Hale. The fact that Haynes and the school board routinely later approved and adopted Rose· and Bell's decision does not detract from the fact that the lay-off decision was made for reasons unconnected with her activity regarding her son and originated with persons who had no reason to punish Hale for such activity.[6] However, even if the court were to assume that Hale's constitutionally protected activity was a substantial and motivating factor in Haynes and the school board's decision to lay her off, in view of the independent opinions of Rose and Bell that she should have been laid off, this court must conclude that she would have been laid off even in the absence of such activity.

### III.

In conclusion, the court is of the opinion that Shirley Hale, as the mother of Shawn Hale and in her own behalf, has failed to present evidence warranting a judgment in her favor on any of her claims.

A judgment will be entered in accordance with this opinion.

---

**6.** In fact, there is no evidence that Rose and Bell even knew of Hale's activity regarding her son.