Sharon GAITHER, etc., et al., Plaintiffs,

v.

James David BARRON, Defendant.

Civil A. No. 95–A–1479–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 30, 1996.

S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33. Moreover, the court is aware that the threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

## II. BACKGROUND

Accepting as true all well-pleaded factual allegations and viewing them in a light most favorable to the plaintiff, the relevant facts are as follows:

Since approximately 1990, the plaintiff has been diagnosed as suffering from bilateral cochlear dysfunction (hearing loss).[1] On or about November 16, 1993, the plaintiff, a ninth grade student in the defendant's mathematics class, turned around in his seat to help another student with that student's computer work. The defendant, who was standing in the front of the class, asked the plaintiff to turn around. The plaintiff, who could not hear the defendant, failed to obey the defendant's instructions. The defendant then proceeded toward the plaintiff, butting his head with the head of the plaintiff.

The plaintiff brought suit under 42 U.S.C. § 1983, alleging that the actions of the defendant violated (1) plaintiff's constitutional right to be protected from excessive force,[2] and (2) plaintiff's right as a disabled person to be treated fairly and reasonably.

Deborah Hill Biggers, Tuskegee Institute, AL, for plaintiffs.

Mark S. Baordman, Birmingham, AL, for defendant.

## *MEMORANDUM OPINION*

ALBRITTON, District Judge.

This cause is before the court on a motion to dismiss filed by the defendant on December 21, 1995. For the reasons discussed hereinafter, the motion is due to be GRANTED.

## I. STANDARD

■ A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104

1. As a result of this hearing loss, the Auburn University Speech and Hearing Clinic recommended the use of a hearing aid and preferential seating when possible. It is not clear whether the plaintiff was wearing a hearing aid at the time of the alleged "head butt."

2. The plaintiff's complaint alleged excessive force in violation of the Fourteenth Amendment. The plaintiff's response to the motion to dismiss, however, appeared to rely on the Fourth Amendment instead. The proper avenue for pursuing an excessive corporal punishment case is under the Fourteenth Amendment. *See Ingraham v. Wright,* 430 U.S. 651, 673 n. 42, 97 S.Ct. 1401, 1413–14 n. 42, 51 L.Ed.2d 711 (1977) (the principal concern of the Fourth Amendment's prohibition against unreasonable searches and seizures is with intrusions on privacy in the course of *criminal investigations*).

The defendant contends that the appropriate forum for excessive force (i.e. excessive corporal punishment) claims is in state court rather than federal court. With respect to the plaintiff's claim as a disabled person, the defendant contends that the defendant's alleged action does not violate any right created by the ADA. The defendant further argues that, in any event, he is entitled to a qualified immunity for his discretionary act of disciplining a student.

## III. DISCUSSION

### 1. Excessive Force/Corporal Punishment

■ The plaintiff alleges that the defendant's actions violated the Fourteenth Amendment protections from excessive force. The court notes initially that the plaintiff does not contend that he was entitled to notice or a hearing prior to the infliction of corporal punishment (i.e. procedural due process).[3] Rather, the plaintiff contends that he had a right to be free from excessive corporal punishment and that the defendant arbitrarily and unjustifiably violated plaintiff's rights by "head butting" him. This is properly considered as a substantive due process challenge. *See Ingraham v. Wright*, 525 F.2d 909 (5th Cir.1976) (en banc), *aff'd on other grounds*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

Corporal punishment itself is not arbitrary, capricious, or unrelated to legitimate educational goals; therefore, it is not violative of substantive due process on its face. *Hale v. Pringle*, 562 F.Supp. 598, 600 (M.D.Ala.1983) (Thompson, J.) (citing *Ingraham, supra.*). The plaintiff urges this court to look not to corporal punishment as a whole, but to this particular instance of corporal punishment to determine whether it was arbitrary or excessive. The Court of Appeals, however, has clearly stated that it is not the federal court's duty to scrutinize when punishment in the classroom is appropriate, nor to scrutinize the amount of punishment that is due. *Ingraham*, 525 F.2d at 917. "It would be a 'misuse of [federal] judicial power [to look at

each individual instance of punishment] to determine whether a teacher had acted arbitrarily or excessively in applying corporal punishment.'" *Pringle*, 562 F.Supp. at 600 (quoting *Ingraham*, 525 F.2d at 917). This does not mean that teachers who inflict excessive corporal punishment go unchecked. Rather, where state criminal and civil actions are available to students exposed to such punishment, those state law remedies are the appropriate check. "Alabama ... has continued to recognize the common law right of a child not to be subjected to excessive corporal punishment in school ... and, accordingly, has afforded victims of such punishment both civil and criminal remedies." *Pringle*, 562 F.Supp. at 601 (citations omitted). Because of the availability in Alabama of state criminal and civil actions against a teacher who excessively punishes a child, it would be a misuse of this court's judicial power to consider whether this particular instance of corporal punishment was arbitrary or excessive.

### 2. Right as Disabled Person to be Treated Fairly

■ The plaintiff contends that he has a right as a disabled person (presumably under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, or under Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 701, *et seq.*) to be treated fairly and reasonably. It is not exactly clear what the plaintiff is contending with respect to his disability. The plaintiff did not invoke jurisdiction under the ADA or the Rehabilitation Act, nor did the plaintiff claim that he was entitled to an accommodation. The plaintiff is apparently asserting a harassment claim, contending that the defendant acted as he did because of the plaintiff's disability. Although neither the ADA nor the Rehabilitation Act specifically address harassment claims, courts have held that harassment is actionable under those acts. *See e.g., Haysman v. Food Lion*, 893 F.Supp. 1092 (S.D.Ga. 1995) (recognizing harassment as actionable under the ADA); *Easley v. West*, 1994 WL

---

**3.** Had the plaintiff made such an allegation it would be to no avail because "the due process clause does not require notice or a hearing prior to the imposition of corporal punishment in the Alabama public schools." *Hale v. Pringle*, 562 F.Supp. 598, 601 (M.D.Ala.1983) (Thompson, J.); *see also Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977).

702904 (E.D.Pa.1994) (harassment actionable under the Rehabilitation Act). Courts recognizing such claims have generally approached them under the hostile work environment theory. *See e.g., Haysman,* 893 F.Supp. at 1106 (ADA); *see also Mannell v. American Tobacco Co.,* 871 F.Supp. 854 (E.D.Va.1994) (ADA); *Davis v. York Int'l Inc.,* 1993 WL 524761 (D.Md.1993); *Easley v. West,* 1994 WL 702904 (E.D.Pa.1994) (Rehabilitation Act); *Pendleton v. Jefferson Local School Dist. Bd. of Educ.,* 958 F.2d 372, 1992 WL 57421 (6th Cir.1992) (Rehabilitation Act). Under the hostile work environment theory, the defendant's alleged harassment must be *based on* the protected characteristic (here— the plaintiff's disability).[4] Applying the hostile environment theory to the facts of this case, the court finds that the plaintiff has failed to allege facts sufficient to support a charge that the defendant's decision to head butt the plaintiff was *based on* the plaintiff's disability. To the contrary, the plaintiff's complaint clearly states that the defendant's alleged actions were precipitated by the plaintiff's turning around to talk to another student. Even though the situation was arguably aggravated by the plaintiff's disability (plaintiff allegedly did not hear the defendant's admonition and therefore failed to turn around as instructed), there is still an insufficient factual basis to sustain an allegation that the defendant's action was *based on* the plaintiff's disability rather than the plaintiff's conduct. The plaintiff cannot raise a state tort claim to the level of a federal disability claim merely because the plaintiff had a disability at the time the event occurred.[5]

## IV. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is due to be and is

hereby GRANTED. A separate order will be entered consistent with this opinion.

---

**4.** The elements of hostile work environment claim are: (1) the employee must be a member of a protected class; (2) the employee must have been subjected to unwelcome harassment; (3) *the harassment must be based on the protected characteristic;* and (4) the harassment must have affected a term or condition of employment. *Cross v. State of Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995) (sexual harassment) (emphasis added).

**5.** Having granted the defendant's motion to dismiss on other grounds, the court has no occasion to consider the defendant's qualified immunity defense.