**Scotty FOX and Mary Fox, Parents and Next Friends of Seth Fox, a Minor Child Plaintiffs**

v.

**Leona K. CLEVELAND, In Her Official Capacity and Individually Defendant**

No. 00–2249.

United States District Court, W.D. Arkansas, Ft. Smith Division.

Aug. 22, 2001.

M. Edward Morgan, Kent Tester, Morgan Law Firm, Clinton, for Plaintiffs.

William C. Brazil, Brazil, Adlong & Winningham, PLC, Conway, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

On this 22nd day of August 2001, there comes on for consideration, Defendant's Motion for Summary Judgment (Doc. # 7) filed on July 19, 2001. For the reasons stated herein, the Court finds Defendant's Motion for Summary Judgment should be and hereby is GRANTED.

## I. Background

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging that their minor son's substantive due process rights under the Fourteenth Amendment were violated by the Defendant during her administration of corporal punishment. In addition, Plaintiffs present state law tort claims of intentional infliction of emotional distress and false imprisonment. Plaintiffs seek compensatory and punitive damages, as well as, attorneys fees and costs.

Jurisdiction is proper under the general federal question statute, 28 U.S.C. § 1331. The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear the claims based upon state law.

Plaintiffs are the parents of twelve-year old Seth Fox who was a student at Magazine Elementary School in Magazine, Arkansas at the time of the alleged incident giving rise to these claims. Defendant was the principal of Magazine Elementary School.

On October 24, 2000, Seth and several other students were sent to Defendant's office by their teacher after they received a number of infractions for inappropriate behavior. Defendant asked Seth to count the eleven or so dots, or infractions, he had received that were noted on the chart prepared by his teacher. (Seth Fox depo., p. 31). Defendant informed Seth that she was going to administer corporal punish-

ment by giving him three swats with a paddle, and he objected. (Seth Fox depo., pp. 33).

Defendant then permitted Seth the opportunity to call both parents, but he was unable to reach either. (Seth Fox depo., pp. 34–35). Defendant proceeded to paddle Seth. As she did, Seth moved his leg in an attempt to avoid being paddled. (Seth Fox depo., pp. 36–41). The parties dispute whether Seth received two or three swats, as well as, how many of those landed on his left thigh as opposed to his buttocks. Defendant admits that one of the licks landed on his leg or hip. After administering corporal punishment, Defendant took Seth to the health room near her office to permit him time to calm down. There is further dispute as to whether the lights in the room were on or off, and the amount of time Seth was in the room before returning to class. This occurred during Seth's lunch hour, and Plaintiffs claim that Seth was not allowed to eat lunch. (Doc. # 12, p. 3).

## II. Discussion

### A. Standard of Review

The Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In reviewing a summary judgment motion, the court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* FED. R.CIV.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d

538 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999). Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists. *See* FED.R.CIV.P. 56(e). In order to withstand Defendant's motion for summary judgment, Plaintiff must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992).

### B. Due Process Claim

■ In order to establish a due process violation in the context of disciplinary corporal punishment, Plaintiffs must demonstrate that Defendant's conduct is shocking to the conscience and amounts to a severe invasion of the student's personal security and autonomy. *Wise v. Pea Ridge School District*, 855 F.2d 560, 565 (8th Cir.1988). The 8th Circuit has directed that the following approach be utilized as a guide when considering this type claim: (1) the need for the application of corporal punishment; (2) the relationship between the need and the amount of punishment administered; (3) the extent of injury inflicted; and (4) whether the punishment was administered in a good faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm. *Wise* at 564.

■ Defendant admits that she gave Seth two licks with a paddle. In his deposition, Seth admits that he jerked back and swung his leg in the air in an effort to avoid being paddled. (Seth Fox Depo. pp. 36–41). There is a dispute about whether there were other children present and whether another teacher was there to

serve as a witness. Plaintiffs claim that Seth suffered a deep bruise on his thigh due to Defendant's actions. However, he was able to play in a football game the next day.

Even with the facts viewed in the light most favorable to Seth, as we are required to do, we find that the Defendant administered the corporal punishment in good faith to maintain discipline within the school. There is no evidence that the Defendant acted with any malicious or sadistic intent to cause harm to Seth. The Defendant allowed Seth the opportunity to contact his parents and advised him of the reason for his punishment. After administering the punishment, Defendant provided time for Seth to recover from the paddling before returning him to class.

The reason for the punishment in this case appears to be clear. Seth admitted receiving more than ten infractions when he was sent to Defendant's office by his teacher... The amount of punishment, two or three licks, is not unreasonable in view of the need to maintain discipline in the classroom. As for the extent of the injury, Plaintiffs allege a deep bruise on Seth's thigh which was not severe enough to prevent him from playing in a football game the next day. The effects of the paddling lasted for approximately a week. (Seth Fox depo. pp. 50–54). Moreover, there is no evidence that Defendant was acting with the purpose to cause harm to Seth. To the contrary, Seth admitted in his deposition that Defendant did not like paddling students. (Seth Fox depo., p. 49).

While there may be a dispute about whether the Defendant strictly complied with the school district policy regarding witnesses and the presence of other students, we do not believe this rises to the level of a due process violation. *See Hale v. Pringle*, 562 F.Supp. 598, 601–02 (M.D.Ala.1983); *Rhodus v. Dumiller*, 552 F.Supp. 425, 428 (M.D.La.1982). It is well established that not every violation of state tort law or criminal assault laws committed by a state official results in a constitutional violation cognizable under section 1983. *Rubek v. Barnhart*, 814 F.2d 1283, 1285 (8th Cir.1987).

Whether corporal punishment is a good or bad idea is not for this court to determine. Many schools have no form of corporal punishment, and discipline at those schools apparently is not a problem. Some schools, like Magazine, do not choose to "spare the rod" and that is a local decision as long as the punishment is not excessive or unreasonable. While this court is sympathetic to the concern of parents who do not wish for their children to be subjected to any corporal punishment in school, it is permitted by law and has been one accepted form of discipline in this country for many years.

While we recognize that the question of excessive force in the context of disciplinary corporal punishment is ordinarily a jury question, we find that no reasonable trier of fact could conclude that the force used in this case was excessive. *See Wise* at 565.

## C. State Law Claims

Having granted the summary judgment motion on the federal law claim, we will decline to retain jurisdiction on the state law claims. 28 U.S.C. § 1367(c)(3).

## III. Conclusion

For the reasons stated herein, the Court finds that Defendant's Motion for Summary Judgment should be and hereby is GRANTED. Accordingly, this case is dismissed in its entirety, WITH PREJUDICE.

IT IS SO ORDERED.